### T. R. ELLISON & CO. v. YATES & SMITH.

Decided January 31, 1901.

**Res Judicata—Jurisdiction Over Person—Judgment of Dismissal—Plea of Privilege.**

Where defendants filed a plea to the jurisdiction over their persons, which plea was sustained and the suit dismissed, and in a second suit on the same subject matter brought against them by plaintiffs, defendants again filed a plea of personal privilege, and also a plea setting up such former judgment of dismissal in bar of plaintiffs' right to sue again in that county, it was error for the court to hold such judgment to be res judicata upon the question of jurisdiction raised by the plea of personal privilege in the second suit.

Appeal from the County Court of Galveston County. Tried below before Hon. Morgan M. Mann.

*Lovejoy, Sampson, Malevinsky & Houk,* for appellants.

*Young & Stinchcomb* and *Marsene Johnson,* for appellees.

PLEASANTS, ASSOCIATE JUSTICE.—This was a suit to recover damages for a breach of certain contracts for the sale of cotton, the claims for damages arising out of said breach having, as alleged in the petition, been assigned to appellants. The petition alleges that the appellees, who reside in Gregg County, Texas, agreed and contracted in writing to pay said damages in Galveston County. The appellees filed a plea of personal privilege to be sued in the county of their residence, and also a plea of res adjudicata in which they claim that the trial court had no jurisdiction over their persons, because they say that in a former suit between the same parties and involving the identical cause of action set up by plaintiffs in this suit, appellees filed a plea to the jurisdiction of the court over their persons, which plea was sustained and said suit dismissed, which judgment of dismissal was never set aside or appealed from, but is still a final and subsisting judgment, and is now pleaded as res adjudicata, and in bar of plaintiffs' right to bring this suit in Galveston County.

Upon the trial of the cause in the court below, judgment was rendered sustaining appellees' plea of res adjudicata, and dismissing the cause, from which judgment appellants prosecute this appeal.

It is not necessary, under our view of the law, to determine whether or not the cause of action asserted in this case is identical with the cause of action asserted in the former suit between the parties to this suit which was dismissed for want of jurisdiction of the persons of the defendants. Admitting that the two suits are identical as to parties and subject matter, we are of opinion that the judgment sustaining the plea to the jurisdiction in the first suit would not be res adjudicata upon the question of jurisdiction raised by the plea of personal privilege in this suit. Plaintiff's right to have their cause of action tried in Galveston County was not finally determined by the judgment of dismissal in the first suit. Under the facts as they then existed, or as they were pleaded and proven, the court held that plaintiffs did not show themselves entitled to maintain the suit in said county against defendant's plea of privilege to be sued in the county of their residence. To hold that such judgment of dismissal would forever bar plaintiffs from bringing their suit in said county might, under some circumstances, amount to a denial of the right to have their cause litigated.

Let us suppose that, after said judgment of dismissal and before plaintiffs could bring a new suit in Gregg County, the defendants had moved to Galveston County. In such event their plea to the jurisdiction would have been good to a suit against them in Gregg County, and under the contention of appellees in this case a plea of res adjudicata would be a perfect defense to a second suit against them in Galveston County. No rule which could work such manifest injustice can be sound.

When defendants' plea of personal privilege was sustained in the first suit, plaintiffs could have amended their petition and set up additional facts (if such facts existed) which would have shown them entitled to maintain their suit in Galveston County; and there can be no sound reason for denying them the right to set up such additional facts in a second suit if they prefer to bring a second suit rather than amend their petition in the original suit. The right to be sued in the county of one's residence can only be asserted by a plea of personal privilege, and unless such plea is sustained, it is error to dismiss a suit because of the want of jurisdiction over the person of the defendant. The issue as to the want of such jurisdiction can not be raised by a plea of res adjudicata setting up that in a former suit between the same parties and involving the same subject matter a judgment was rendered sustaining the defendants' plea of personal privilege. The court below erred in sustaining the plea of res adjudicata in this case, and its judgment will be reversed and this cause remanded for a new trial.

*Reversed and remanded.*