## SHELBY-DOWNARD ASPHALT CO. v. ENYART.

No. 8051—Opinion Filed Jan. 29, 1918.

(170 Pac. 708.)

(Syllabus.)

1. **Constitutional Law — Statutes — Vested Rights—Procedure — Prospective Operation.**

No one has a vested right in any particular mode of procedure for the enforcement or defense of his rights. Hence the general rule that statutes will be construed to be prospective only does not apply to statutes affecting procedure; but such statutes, unless the contrary intention is clearly expressed or implied, apply to all actions falling within their terms, whether the right of action existed before or accrued after the enactment.

2. **Judgment—Res Adjudicata—Dismissal of Suit.**

The court under the provisions of section 4674, Rev. Laws 1910, dismissed a suit filed in Osage county on the ground that under that statute it had been brought in the wrong venue; but subsequently, and while the right of action still survived, that section of the statute was so amended as to make Osage county the proper venue of the action, and another suit was then filed declaring upon the same cause of action, in that same county, and the court under this amended act assumed jurisdiction of the case. Held, this was not res adjudicata, since under these conditions in passing upon the motion to dismiss in the last case filed, the court had an entirely different question before it to that passed upon in the motion to dismiss in the former case.

3. **Pleading—Motion—Demurrer.**

Where a petition states both a statutory and common-law cause of action, growing out of the same transaction, in one count, this is a defect that may be remedied on motion, but cannot be reached by demurrer.

Error from District Court, Osage County; R. H. Hudson, Judge.

Action by Lee Enyart against the Shelby-Downard Asphalt Company. Judgment for plaintiff and defendant brings error. Affirmed.

Robert Stuart and Grinstead & Scott, for plaintiff in error.

Elmer J. Black, and Leahy & MacDonald, for defendant in error.

BRETT, J. The facts in this case briefly stated are that the plaintiff in error, the Shelby-Downard Asphalt Company, was a domestic corporation with its domicile and principal office at Ardmore, Carter county, Okla. In the early part of 1912 this corporation was doing some contract work in Osage county, Okla. On the 16th day of March, of that year, the defendant in error, who was one its employes, and was operating one of its machines, received severe personal injuries. He afterwards instituted an action for damages against the Shelby-Downard Asphalt Company in the district court of Osage county, and caused summons to issue to the sheriff of Carter county and to be served upon it at its office in Ardmore. The company made special appearance, and moved to quash the service on the ground that the court of Osage county had no jurisdiction to maintain an action on the service made in Carter county. This motion was by the court sustained, and the action dismissed without prejudice. On August 7, 1912, the defendant in error filed another action against the Shelby-Downard Asphalt Company and the city of Pawhuska and one L. A. Arms in the district court of Osage county by which he sought to recover damages for the same injuries sued for in the first action, and service was again made on the Shelby-Downard Asphalt Company in Carter county. The company made special appearance, and again objected to the jurisdiction of the court over it upon such service, and further setting out that the defendants, the city of Pawhuska and L. A. Arms, were not proper parties defendants, but were such for the purpose of attempting to give the court in Osage county jurisdiction of the action. Plaintiff dismissed as to the city of Pawhuska and took issue upon Arms being a fictitious defendant, and testimony was taken by the court upon this issue, and upon the testimony the court found that Arms was a fictitious defendant, and was made a defendant for the purpose and object of giving the court jurisdiction, and sustained the motion to quash summons, and dismissed the cause without prejudice. The plaintiff excepted to the ruling, and afterwards filed a motion for a new trial, which was overruled, and the court gave him 90 days to make and serve case-made for appeal to the Supreme Court. An appeal, however, was not perfected, and the judgment became final. On the 3d day of January, 1914, plaintiff again filed suit in the district court of Osage county upon the same cause of action, and had summons issued to the sheriff of Carter county and service made in Carter

county. The defendant again made a special appearance in the case, and objected to the jurisdiction of the court, and moved to quash service. This motion was by the court overruled, and the Shelby-Downard Asphalt Company saved exceptions to the ruling, and then interposed a demurrer to the petition, which was overruled. The defendant then filed its answer, and the cause was tried to the court and a jury, and judgment rendered for the plaintiff. This judgment is brought to this court for review by petition in error and case-made.

The trial court in sustaining the motion to quash the service made in Carter county in the first and second suits did so upon the authority of section 4674, Rev. Laws 1910, and held that under section 4674, Rev. Laws 1910, the defendant being a domestic corporation, had a right to insist that the action be brought in the county of its domicile, where its principal office and place of business was located, or in the county where its principal officer resides, or may be summoned. And in overruling the motion in the third suit the court took the view that the amendment of this statute by the act approved March 22, 1913 (Session Laws of 1913, p. 133) controlled, and permitted the action to be maintained in Osage county because the cause of action arose there. This amendment reads as follows:

"An action, other than one of those mentioned in first three sections of this article, against a corporation created by the laws of this state, may be brought in the county in which it is situated, or has its principal office or place of business, or in which any of the principal officers thereof may reside, or be summoned, or in the county where the cause of action or some part thereof arose."

The plaintiff in error insists that this amendment could not apply to a cause of action that had accrued and was already in existence at the time the amendment went into effect, but was applicable only to such causes of action as accrued after March 22, 1913, the date upon which the amendment became effective. But with this contention we do not agree. For this amendment deals with procedure only, and no one has a vested right in any particular mode of procedure for the enforcement or defense of his rights. Hence, as stated in Clark v. K. C., St. L. & C. R. Co., 219 Mo. 524, 118 S. W. 41:

"Where a new statute deals with procedure only prima facie it applies to all actions—those which have accrued or are pending as well as future actions."

And again in that opinion it is said:

"The general rule that statutes will be construed to be prospective in operation does not apply to statutes affecting procedure or a legal remedy."

In Hennepin County v. Baldwin, 62 Minn. 518, 65 N. W. 80, the Supreme Court of Minnesota holds that a statute which does not impair any vested right, or create any new right, or impose any new obligations, but merely gives a remedy for enforcing existing rights and obligations, is to be liberally construed, "in order to accomplish the beneficent purpose for which they were enacted; and, unless a different legislative intent is expressed or clearly implied, it will generally be construed to apply to rights and obligations that accrued before enactment, as well to those to accrue thereafter." In State v. Kansas City & Memphis Ry. Co., 117 Ark. 606, 174 S. W. 248, it is said:

"The strict rule of construction contended for does not apply to remedial statutes which do not disturb vested rights, or create new obligations, but only supply a new or more appropriate remedy to enforce an existing right or obligation. These should receive a more liberal construction, and should be given a retrospective effect whenever such seems to have been the intention of the Legislature."

And in Clark v. Kansas City, St. L. & C. Ry. Co., supra, the court says:

"'In this country, the general rule seems to be, in accordance with the English, that statutes pertaining to the remedy, i. e., such as relate to the course and form of proceedings for the enforcement of a right, but do not affect the substance of the judgment pronounced, nor either directly nor indirectly destroy all remedy whatever for the enforcement of the right, are retrospective, so as to apply to causes of action subsisting at the date of their passage. * * * It is said that an act dealing with procedure only applies, unless the contrary intention is expressed, to all actions falling within its terms whether commenced before or after the enactment. The doctrine thus announced seems well imbedded in principle. We think it applies to the statute in hand, which, in its essence, is purely a remedial one; hence no presumption lies that it was intended to operate prospectively only. Being highly remedial it should be most liberally construed to further its life in advancing the remedy, in striking down the mischief aimed at—the need and occasion of the law, the mischief felt and the object and remedy in view being cardinal elements in statutory interpretation."

And there is certainly nothing in the language of the 1913 amendment, under consideration, which indicates that the Legislature intended that the act should operate prospectively only. For the language used is that, an action may be brought "in the county where the cause of action or some part thereof arose"—not where it may arise, but where it "arose." And this does not necessarily contemplate futurity only, but may be construed to apply to causes of action existing at the time the act went into effect, as well as to those that should arise in the future. Hence, under the well-established rule that a statute which applies to procedure only should be given a retrospective effect, unless it appears that the Legislature intended it should operate prospectively only, we think this act should be construed to embrace causes of action existing at the time the act went into effect, as well as those that should arise thereafter. Miami Copper Co. v. State, 17 Ariz. 179, 149 Pac. 758, Ann. Cas. 1916E. 494; 1 Black. Comm. 87; Darling v. Miles, 57 Or. 593, 111 Pac. 702, 112 Pac. 1084; Ellison et al. v. Yates et al., 25 Tex. Civ. App. 41, 60 S. W. 999.

2. The plaintiff in error next contends that it was res adjudicata for the court to assume jurisdiction of this case in Osage county after it had previously entered a judgment dismissing the case, on the ground that Osage county was the wrong venue. But this contention is not tenable. For it does not follow that because Osage county was the wrong venue at the time the first action was commenced, that Enyart would be precluded from bringing the action again in that same county, provided conditions so changed as to make that the proper venue. For instance, if the company had changed its principal office or place of business to Osage county, or if some of its principal officers had moved their residence to that county while the right of action still survived, Enyart certainly would not have been precluded by the former dismissal from bringing his action again in that county. And while this did not occur, yet the procedure was so changed while the cause of action was still alive as to make Osage county the proper venue. And under these conditions the court, in passing upon the motion to dismiss in the instant case, had an entirely different question before it to that presented by the motion to dismiss in the former case.

We know of no decision directly in point on this precise question, but have no doubt as to the correctness of this position. And the cases cited in the brief of plaintiff in error have no application to the question raised by this assignment of error, but are to the effect that a fact or question which

was actually and directly in issue in a former suit, and was there passed upon and determined by the court of competent jurisdiction, is conclusively settled by the judgment, in so far as concerns the parties to that action and persons in privity to them, and cannot again be litigated in any future action between such parties or their privies. But in the case at bar the fact and question passed upon by the court in the former motion to dismiss was whether under section 4674, Rev. Laws 1910, the action could be maintained in Osage county; while the question and fact passed upon in the motion to dismiss in the instant case was whether under the 1913 amendment, Osage county was the proper venue. Certainly the judgment dismissing the case without prejudice. on the ground that under the provisions of section 4674, Rev. Laws 1910, it could not be maintained in Osage county, would not have precluded Enyart from bringing an action in Carter county, which was the proper venue under that statute. And it is equally as clear that regardless of that judgment, he had a right to file the suit again in Osage county, after the law of procedure was so changed as to make Osage county also the proper venue of the action.

3. The last assignment of error insisted upon by plaintiff in error is that the court erred in overruling its demurrer to the petition; and it says:

"Does the petition state a cause of action? If so, does it state two causes of action, one a common-law action of negligence, and the other a statutory action of negligence? If so, are the two actions improperly joined? These are the questions that are raised by the demurrer."

And it also complains that "the petition is in one count."

As to the first question, we answer in the affirmative, that the petition does state a cause of action. As to the question as to whether or not the petition states two causes of action, "one a common-law action of negligence, and the other a statutory action of negligence," and, if so, are they improperly joined? our reply is that, even assuming that the petition does state two causes of action, as contended by the plaintiff in error, they are such as under the provisions of section 4738, Rev. Laws 1910, might be joined. This section provides that:

"The plaintiff may unite several causes of action in the same petition, whether they be such as have heretofore been denominated legal or equitable, or both, where they all arise out of any one of the following cases: First. The same transaction, or transactions, connected with the same subject of action. * * * Third. Injuries with or without force to persons and property, or either."

If plaintiff in error thought there were two causes of action growing out of this same transaction, stated in the petition in one count, and wished to have them separately stated and numbered, that might have been accomplished by a motion for that purpose; but that character of defect in a petition cannot be reached by a demurrer, unless the causes of action are of such a nature that they cannot under our statute be joined in the same suit.

While the petition is not a model pleading, yet a careful examination convinces us that it does state a cause of action, and the defects in the petition are matters of form, rather than substance, and could not be reached by demurrer.

The judgment is affirmed.

All the Justices concur, except SHARP, C. J., not announcing.