VICENTE ZAYAS PIZARRO, Plaintiff and Appellee, v. HENRY G. MOLINA, Defendant and Appellant.

No. 7075.    Argued May 18, 1936.—Decided November 24, 1936.

*Dubón & Ochoteco* for appellant.    *López de Tord & Zayas Pizarro* for appellee.

MR. JUSTICE CÓRDOVA DÁVILA delivered the opinion of the Court.

Vicente Zayas Pizarro brought an action for damages in the District Court of Ponce against Henry G. Molina who moved for a change of venue to the District Court of San Juan, his place of residence. The order for a change of venue

entered by the District Court of Ponce on May 14, 1935, was appealed and affirmed by this Supreme Court. *Zayas Pizarro* v. *Molina*, 48 P.R.R. 900. The plaintiff then argued that in accordance with Section 79 of the Code of Civil Procedure, amended on April 11, 1935, the cause of action brought should be tried in the District Court of Ponce. When the order was entered, the amendment enacted by the Legislature and cited by the defendant-appellant was not yet in force. (Act No. 18, approved on April 11, 1935, Laws, p. 174). There is no question as to the scope of this amendment had it been in force on the date when the Ponce court ordered the change of venue to the District Court of San Juan.

As we said then, this court did not have to wait until the said act of 1935 should go into effect to determine the venue. Once the question was submitted it was the duty of the court to decide it in accordance with the law then in force. If the plaintiff, we added, feels that the new act favors him and that he has a right to it, he can request that the case be returned to the district court in which the cause of action arose. And this is what the plaintiff has done: move for a change of venue to the District Court of Ponce in accordance with the said amendment.

██ In deciding the motion for a change of venue the District Court of San Juan said, among other things, the following:

"After having read these briefs carefully and having studied the law, we are of the opinion that the change of venue or return of the case to the District Court of Ponce lies, for the following reason: this suit is not yet beyond the proceeding for a change of venue; not a single interlocutory motion has been discussed, and much less has the complaint been answered. Section 79 of the Code of Civil Procedure says that 'actions for the following causes must be tried in the district where the cause, or some part thereof, arose, to obtain indemnity from an insurance company, when such indemnity arises from an insurance policy contract, or to recover damages, or by virtue of *any other precept of law*.' So that the amendment consists

of adding the latter to the old provision of law, as it was amended in 1928. If this action has not begun to be heard in this district, and if the law now provides that the action be tried in the district in which the cause of action arose, the right of the plaintiff to a change of venue is undeniable. . . . ''

The defendant argues that since his right to the change of venue was clear on the date on which it was ordered, he has a vested right which a subsequent law could not annul. We do not agree. This is a procedural question which does not have the scope attributed to it by the appellant.

In *Shelby-Downard Asphalt Co.* v. *Enyart*, 170 Pac. 708, an action for damages was brought, arising in Osage county, against the said corporation, which had its domicile and main office in Ardmore, Carter county. The defendant company made a special appearance and moved to quash the service, on the ground that the court of Osage county had no jurisdiction to entertain the action and to serve summons therein in Carter county. The motion was sustained and the case dismissed without prejudice. Some time later the same action was brought against the company, the city of Pawhuska, and L.A. Arms. The company appeared specially and attacked the jurisdiction of the court, maintaining that the new defendants were included in the complaint, without being interested parties, for the purpose of giving the Osage county court jurisdiction of the act. The court sustained the motion to quash the service and dismissed the action without prejudice. Both suits were brought in 1912. On March 22, 1913, the law was amended to permit an action to be brought where it had arisen. In January, 1914, the same action was brought for the third time in Osage county. The defendant company appeared specially and moved to quash the service contending that the court had no jurisdiction. This motion was denied, and after the trial was held in the said county, judgment was rendered for the plaintiff. The defendant appealed from this judgment, insisting that the court where the action arose had no jurisdiction.

The Supreme Court of Oklahoma, deciding the question raised, expressed itself as follows:

"The trial court in sustaining the motion to quash the service made in Carter county in the first and second suits did so upon the authority of section 4674, Rev. L. 1910, and held that under section 4674, Rev. L. 1910 the defendant being a domestic corporation, had a right to insist that the action be brought in the county of its domcile, where its principal office and place of business was located, or in the county where its principal officer resides, or may be summoned. And in overruling the motion in the third suit the court took the view that the amendment of this statute by the act approved March 22, 1913, (Laws of 1913, p. 133) controlled, and permitted the action to be maintained in Osage county because the cause of action arose there.

.    .    .    .    .    .    .    .    .    .    .

"The plaintiff in error insists that this amendment could not apply to a cause of action that had accrued and was already in existence at the time the amendment went into effect, but was applicable only to such causes of action as accrued after March 22, 1913, the date upon which the amendment became effective. But with this contention we do not agree. For this amendment deals with procedure only and no one has a vested right in any particular mode of procedure for the enforcement or defense of his rights."

Further on the same court says:

"Hence, under the well-established rule that a statute which applies to procedure only should be given a retrospective effect, unless it appears that the Legislature intended it should operate prospectively only, we think this act should be construed to embrace causes of action existing at the time the act went into effect, as well as those that should arise thereafter."

As may be seen, according to the Supreme Court of Oklahoma, there is no vested right which can prevent the application of the principle of the retroactivity of the law.

This court has upheld the same doctrine in repeated decisions. In *Ojeda* v. *Gavilán,* 46 P.R.R. 386, the defendant appeared before a district court requesting that an attachment ordered at the request of the plaintiff be vacated, and subsequently filed a motion for removal of the action to

another district court. In accordance with Section 77 of the Code of Civil Procedure in force when the motion to vacate the attachment was made, the defendant, by virtue of the same, had submitted to the jurisdiction of the court where the action arose. Later the Section cited was amended in the sense of preventing such an appearance from producing the effect of a submission. This court held that the amendment, since it dealt with a procedural rule of immediate application, had a retroactive effect, reversing the decision of the lower court. *The R.C.A. Church in P. R.* v. *The People,* 7 P.R.R. 348; *Cintrón et al.* v. *Banco Territorial y Agrícola,* 15 P.R.R. 495; *Brenes* v. *A. Hartman & Co.,* 17 P.R.R. 568; *Arbona Bros.* v. *H. C. Christianson & Co.,* 26 P.R.R. 250. This same doctrine was ratified in the case of *López* v. *Am. R. R. of P. R.,* ante p. 1.

The appellant argues that in the case cited the amendment was in force when the motion for change of venue was filed, while in the instant case the order transferring the cause to the District Court of San Juan had been entered before the amendment went into effect. This is indeed so, but in our opinion there is no difference in the legal effect. The motion for a change of venue which we are now discussing was filed after the amendment had gone into effect, and we do not believe that the lower court committed any error in ordering the change of venue requested in accordance with the rule repeatedly sustained by this court. The distinctions which the appellant attempts to establish between this case and those which have already been decided by this court are unimportant with respect to the retroactive effect of the law.

The order appealed from must be affirmed.

Mr. Chief Justice Del Toro and Mr. Justice Travieso took no part in the decision of this case.