OPINION — AG — **** COMMISSIONER OF HEALTH — POWERS REGARDING LOCATION OF SEWAGE PLANT **** THE PROVISIONS OF 63 O.S. 1970 Supp. 1-908 [63-1-908], THROUGH 1-911 [63-1-911], DO NOT CONFER JURISDICTION THE STATE COMMISSIONER OF HEALTH DO CONSIDER THE PROPOSED LOCATION OF THE SEWAGE TREATMENT PLANT PROPOSED TO BE BUILT BY THE CITY OF OKLAHOMA CITY, PRIOR TO THE ISSUANCE OF A PERMIT BY THE STATE COMMISSIONER. IN ATTEMPTING TO DETERMINE WHETHER TO ISSUE A PERMIT FOR THE CONSTRUCTION OF A SEWAGE TREATMENT PLANT, THE STATE COMMISSIONER OF HEALTH SHOULD CONSIDER ONLY THOSE THINGS WHICH HAVE A MATERIAL BEARING UPON THE ITEMS ENUMERATED IN THE PROVISIONS OF 63 O.S. 1970 Supp. 1-908 [63-1-908], THROUGH 1-911 [63-1-911], WHICH ARE TO BE CONSIDERED BY HIM IN ARRIVING AT HIS DETERMINATION. (ODIE NANCE) OKLAHOMA WATER RESOURCES BOARD ATTORNEY GENERAL OF OKLAHOMA — OPINION APRIL 29, 1971 OPINION — AG — **** VESTED RIGHT TO USE OF WATER — TIME LIMITS **** 82 O.S. 1961 32 [82-32](A) PROVIDES FOR ABANDONMENT OF A VESTED RIGHT TO USE WATER IF WATER IS NOT USED WITHIN A SEVEN YEAR PERIOD COMMENCING ON THE DATE OF THE ENACTMENT OF 82 O.S. 1961 32 [82-32](A). THE DATE FOR COMMENCEMENT OF THE TIME TO RUN UNDER THE SEVEN YEAR ABANDONMENT STATUTE, 82 O.S. 1961 32 [82-32](A) RUNS FROM THE DATE THE RIGHT OF USE HAS BEEN VESTED.(ROBERT H. MITCHELL) Oklahoma Water Resources Board Attorney General of Oklahoma — Opinion April 29, 1971 VESTED RIGHT TO USE OF WATER — TIME LIMITS 82 O.S. 32 [82-32](A) provides for abandonment of a vested right to use water if water is not used within a seven year period commencing on the date of the enactment of 82 O.S. 32 [82-32](A). The date for commencement of the time to run under the seven year abandonment statute, 82 O.S. 32 [82-32] (A) runs from the date the right of use has been vested. The Attorney General is in receipt of your letter dated March 8, 1971, wherein you request an opinion from this office concerning the following set of facts and questions pertinent thereto: Under the vested rights law, effective June 10, 1963, the Water Resources Board determined and issued vested rights to those persons possessing valid claims to the use of water. These rights were issued pursuant to the vested rights holder meeting the requirements of 82 O.S. 32 [82-32] (1963). Prior to June 10, 1963, the only water rights that could be recognized were those determined by court adjudication. It was not until after 1963 that the Water Resources Board began vested rights determinations on each stream system in the State of Oklahoma. As each stream system was completed final orders were issued. It was at this time that the rights vested. On June 28, 1965, 82 O.S. 32A [82-32A] was enacted providing that once vested rights were determined the holders of those rights must use the water within seven years or they would lose those rights. Prior to that time there was no provision providing for a specified time a right to use water could be abandoned. Reference was made to abandonment in 82 O.S. 32 [82-32] but it was not until this section was passed that an individual could lose vested rights by abandonment. Based on this set of facts you also indicated that it had been the Water Resources Board intention to cancel vested rights where water had not been used for a seven year period beginning June 10, 1963 and ending June 10, 1970. You had also mentioned that no formal determinations had been made as of the date of the request of this opinion. Based on those foregoing facts, you then ask the following questions: 1. "Are the dates of June 10, 1963 to June 10, 1970 consistent with the statutory requirements providing for abandonment? 2. "Can the time for abandonment commence running from a date prior to the 1965 statutory enactment?" 3. "Does the time for abandonment due to non-use under 82 O.S. 32A [82-32A] commence running when final vested rights orders are issued on each stream system?" Title 82 O.S. 32A [82-32A] (1965) provides: "When the party entitled to the use of water fails to beneficially use all or any part of the water claimed by him, for which a right of use is vested, for the purpose for which it was appropriated for a period of seven continuous years, such unused water shall revert to the public and shall be regarded as unappropriated public water." As indicated above, prior to the enactment of this amendment. the Oklahoma law provided no specific time limitation with regard to abandonment of waters obtained through vested rights determinations. Prior to 1963 the only water rights that could be recognized were those determined by court adjudication. In 1963, the Oklahoma Legislature enacted the vested rights law granting the Water Resources Board the right to determine and issue vested rights to those persons possessing valid claims to the use of water. This procedure is outlined, as amended, in 82 O.S. 32 [82-32] (1965). Title 82 O.S. 32 [82-32] (1965) provides in part: "When any person files an application for the appropriation of water for beneficial use with the Oklahoma Water Resources Board in conformity with Sections 21 and 22 of this Title, such person shall not lose his priority date of application if, within two (2) years after filing an application with the Board, the applicant has begun construction of the works to put the water applied for to beneficial use and shall have complied with the terms of the permit as to time within which water shall be applied to beneficial use as provided for in Section 24 of this Title." In no event shall the permit require the whole of the amount of water authorized by the permit be put to beneficial use within a period of less than seven (7) years. . . . To the extent that the water authorized is not put to beneficial use as provided by the terms of the permit, that amount not so used shall be forfeited by the holder of the permit and shall become public water and available for appropriation. . . ." It is clear that the Legislature intended that the water authorized to be used by an individual, under permit, could be abandoned. However, there was no provision specifying a time within which the holder must use the water or forfeit it through abandonment until the passage of 82 O.S. 32A [82-32A]. The Oklahoma Supreme Court has passed on the impact of legislative amendment as it effects rights existing under prior statutory authority. In the case of Phillips v. H. A. Marr Grocery Company, Okla., 295 P.2d 765, the Court considered the effect of legislation extending the jurisdiction of the Industrial Commission to certain injuries sustained outside of the state where the past law had specifically prohibited the Oklahoma Courts from acquiring jurisdiction in those cases. The Court stated in the second syllabus: "Statutes are to be construed as having prospective operation unless the purpose and intention of the Legislature to give them a retrospective effect is expressly declared or is necessarily implied from the language used. In case of doubt, the doubt must be resolved against retrospective effect." In discussing whether the statute in question was procedural or remedial and the effect thereof, the Court discussed at length the general rule which has specific application to this opinion. The Court stated: "Citing, Shelby-Downard Asphalt Company v. Eenyart, 67 Okl. 237,170 P. 708. In that case we held: "No one has a vested right in any particular mode of procedure for the enforcement or defense of his rights. Hence the general rule that statutes will be construed to be prospective only does not apply to statutes effecting procedures; but such statutes, unless the contrary intention is clearly expressed or implied, apply to all actions falling within their terms, whether the right of action existed before or accrued after the enactment." "In 82 C.J.S., Statutes, 416, the rule is thus stated: "The general rule that statutes are to be construed as prospective only, unless the language employed conclusively negative that construction, applies to immediate statutes, and such statutes will not be given retrospective or retroactive effect if to do so would impair or destroy contracts, disturb vested rights, or create new obligations. However, as to such statutes the rule is not so insistent and does not automatically apply, and remedial or procedural statutes which do not create, enlarge, diminish, or destroy contractural or vested rights but relate only to remedies or modes of procedure are not within the general rule against retrospective operation, but are generally held to operate retrospectively. . . but, where the statute is not purely procedural, it will not be so construed if the intention to give the act retrospective effect is not so clearly found as to satisfy the court that such was the intention, and if, from a reading of the act, the Court is doubtful whether such was the intention, the doubt must be resolved against the retrospective effect.'" See also: Gray v. Gray, Okl., 459 P.2d 181. Further, in the case of State of Oklahoma v. Bailey, Okla., 305 P.2d 548, the Court held: "Generally statutes are to be construed as prospective only and it takes a clear expression of legislative purpose to justify a retroactive application and in case of doubt must be resolved against the retrospective effect." It appears clear that 82 O.S. 32 [82-32](A) can be considered both procedural and remedial since it concerns a time limitation which both clarifies and extends the vested rights law contained in 82 O.S. 32 [82-32]. It is also clear that the Supreme Court of Oklahoma favors the position that the operation of such a statute will have prospective effect unless there is clear expression to the contrary. It necessarily follows that 82 O.S. 32 [82-32](A) providing for abandonment after seven years must run from the date of the enactment which in this case is 1965. There is no clear expression to the contrary contained therein. Therefore, the earliest that one could abandon vested rights would be seven years from June 28, 1965. It is the opinion of the Attorney General that the answer to questions 1 and 2 must be in the negative based on the foregoing authority. With reference to your third question, the plain language of 82 O.S. 32A [82-32A] would control. Citing 82 O.S. 32A [82-32A] in part again: "When a party entitled to the use of water fails to beneficially use all or any part of the water claimed by him, for which a right of use has vested, . ." (Emphasis added) It appears that the clear intent of the Legislature was to provide for the commencement of the seven year period only after the right of use had vested. As indicated earlier, this right prior to 1963 would have been by court adjudication or subsequent to 1963 when the water resources board issued such a right. Therefore, it is the opinion of the Attorney General that your third question be answered in the affirmative and that the seven year term would not begin to run until a final vested rights order had been issued. (Robert H. Mitchell)