803 P.2d 1119 (1990)
TEXAS COUNTY IRRIGATION AND WATER RESOURCES ASSOCIATION, an Oklahoma non-profit corporation; Norman Steinle and Gerald Hofferber, Plaintiffs-Appellees,
v.
OKLAHOMA WATER RESOURCES BOARD, Defendant-Appellant, and
Mobil Oil Corporation, Defendant/Intervenor-Appellant.
Nos. 70608, 70609.
Supreme Court of Oklahoma.
November 13, 1990.
As Corrected January 7, 1991.
Rehearing Denied January 8, 1991.
Gary W. Davis, L. Mark Walker, Crowe & Dunlevy, Oklahoma City, for appellant, Mobil Oil Corp.
Dean A. Couch, C. Lou Klaver, Oklahoma City, for appellant, Oklahoma Water Resources Bd.
Andrew T. Dalton, Jr., Tulsa, for appellees.
*1120 OPALA, Vice Chief Justice.
At issue in this appeal is the correctness of the district court's § 306[1] declaratory ruling that the determination of "maximum annual yield" of water allocated to each acre of land over the Ogallala Groundwater Basin in Texas County is an invalid agency rule. We reverse the order as contrary to law.

I

THE ANATOMY OF LITIGATION
Appellee, Texas County Irrigation and Water Resources Association [Association], is a non-profit Oklahoma Corporation designed to protect the groundwater resources in Texas County. Its members include the individually named appellees, who use groundwater for farming and business purposes, irrigation farmers and others interested in the agricultural industry and in the protection of Texas County's water resources. Appellant, the Oklahoma Water Resources Board [Board], is the state agency responsible for administering the Oklahoma groundwater laws.[2]
The Board made a determination of the maximum annual yield [known in the agency parlance as "m.a.y." and hereafter expressed by the acronym "MAY"] of water allocated to each acre of land over the Ogallala Groundwater Basin in Texas County. Association sought below declaratory relief from the Board's MAY decision, arguing that it is not an order, but rather an invalidly promulgated rule which fails to comply with the rulemaking requirements of the Administrative Procedures Act [APA].[3] Having failed in its quest to dismiss the suit,[4] the Board asserted several defenses to Association's plea for declaratory relief.[5] One of these defenses was that in a parallel appeal Association has brought from the MAY determination here on review the appellant in that case (appellee here) itself treats the MAY order as adjudicative.[6] Mobil Oil Corporation [Mobil] was allowed to intervene.[7] Association *1121 moved for a summary disposition, and the Board claimed there were procedural deficiencies in the motion, asserting that several factual and legal issues remained unresolved.[8]
In the summary judgment process the only issue pressed was whether the Board's MAY decision is in fact an order. The trial court determined that MAY is a rule and gave victory to the Association, ruling that the Board has failed to comply with the APA's rulemaking requirements.[9] The Board and Mobil brought separate appeals, which were consolidated for disposition by a single opinion.[10]

II

THE AFTER-ENACTED LEGISLATION THAT DEFINED A "MAY" DETERMINATION AS THE PRODUCT OF ADJUDICATIVE PROCESS CONSTITUTES BUT A CLARIFYING PROCEDURAL AMENDMENT WHICH MAY BE GIVEN RETROACTIVE APPLICATION
During the pendency of this appeal the legislature amended 82 O.S. 1981 § 1020.6[11] by providing the MAY hearings should be conducted under Article II of the APA, §§ 309-323, which governs agency notice and hearing requirements for individual proceedings. Appeals from a MAY decision must be brought in conformity to this article. A § 306 proceeding for declaratory relief is available for testing rules by the standards of conformity to Article I of the APA, §§ 250-308.2. That article deals with agency filing and publication requirements *1122 for rules. Association used this method for challenging the MAY determination validity in this case.
Generally, statutes and amendments are to be construed as operating prospectively only, unless of course the legislature clearly expresses a contrary intent.[12] If the meaning of an antecedent statute was in doubt, a presumption arises that the amendatory act was intended to clarify the existing law's ambiguity.[13] A clarification can be given retrospective application if it does not impair vested rights.[14] When an amendment of controlling statutory law occurs between nisi prius and the appellate decisions the reviewing court must apply the latest version of the law.[15]
The pre-1988 version of § 1020.6 appears ambiguous because it does not expressly indicate whether a MAY determination emanates from the rulemaking process or from an individual proceeding. The section had received no judicial gloss. The section's ambiguity raises a presumption that the 1988 amendment was designed to clarify its text, not change its provisions, and hence should be given retrospective effect.[16]
No one has a vested right in any particular mode of procedure for the enforcement or defense of a right.[17] Statutes affecting procedure only, as distinguished from those that affect substantive rights, are generally held to operate retrospectively[18] Absent a clearly expressed or implied intention to the contrary, a procedural statute *1123 applies to all actions falling within its terms, whether the claim arose before or accrued after the law's enactment.[19]
The 1988 enactment in question does not alter the parties' obligations or their right to appeal from a MAY determination. It only affects the method for securing judicial review. The clarifying intent is textually demonstrable. The very title of the amendatory act[20] expresses the notion that it was intended to clarify the procedure for obtaining judicial review. Association cannot claim a "vested right" to challenge a MAY determination in a § 306 declaratory judgment suit. The legislature has determined the method to be used for review of a MAY decision is that which is applicable in an individual proceeding under Article II of the APA. The amendatory act must be given retrospective effect to accomplish the amendment's purpose.
Moreover, the MAY determination process  by which a groundwater permit is issued or renewed  bears a close resemblance to licensing. Licensing procedures are much more akin to adjudication than rulemaking.[21] In fact, § 314(a) of the APA requires the application of adjudicative process when "the grant, denial, or renewal of a license is required to be preceded by notice and opportunity for hearing." Furthermore, in an earlier appeal,[22] this court treated the determination there under review as adjudicative without objection from either party.
We hence conclude that even before the 1988 clarifying amendment, MAY decisions bore the earmarks of, qualified as, and came to be judicially recognized as a product of adjudicative process. They were clearly subject to the remedial regime that governs an individual proceeding.
In short, the APA's § 306 declaratory relief is available to test the validity or applicability of a rule, but not for review of adjudications effected in the course of an individual proceeding. The dispute over the validity of the MAY decision could not be litigated in the context of a § 306 proceeding.[23]
We do not pass here on the correctness of' the procedure applied in the individual proceeding which resulted in the MAY determination in contest.[24]We hold only *1124 that (1) even before the clarifying amendment the MAY determination process was adjudicative, and (2) the district court's declaratory powers under § 306 cannot be extended to include proceedings for review of an adjudicative decision's correctness or validity.[25] Because § 306 is not available as a vehicle for challenging an order, we need not consider other issues the parties seek to present.
The order is reversed with directions to rule that the Board's MAY determination  a product of the agency's adjudicative process  was not reviewable in a § 306 proceeding.
THE ORDER IS REVERSED WITH DIRECTIONS TO DENY THE DECLARATORY RELIEF SOUGHT.
HARGRAVE, C.J., and HODGES, LAVENDER, DOOLIN, ALMA WILSON and SUMMERS, JJ., concur.
KAUGER, J., concurs in result.
SIMMS, J., recused.
NOTES
[1] 75 O.S. 1981 § 306.
[2] 82 O.S.Supp. 1982 § 1085.1; 82 O.S. 1981 § 1085.17
[3] See 75 O.S.Supp. 1989 §§ 250 et seq. for the procedural requirements of the Administrative Procedures Act, Article I, which govern rulemaking.
[4] In its dismissal quest the Board argued: (1) that declaratory relief is not available because the disputed order is not a "rule" and (2) a § 306 proceeding for declaratory relief does not apply to agency orders.

The trial court based its refusal to dismiss the suit on its view that the Board's MAY decision (1) is general as opposed to specific; (2) applies to a large group of people, not just one person; and (3) appears to promulgate a rule of law which has yet to be applied.
[5] The Board defended on four grounds: (a) the MAY determination results from an individual proceeding pursuant to § 301 of the APA; (b) individual proceedings produce orders, not rules, which cannot be challenged in a declaratory relief suit; (c) the Association brought in the district court an appeal from the MAY determination here in contest for review of the same order (Texas County Irrigation and Water Resources, Inc. v. Oklahoma Water Resources Board, Texas County District Court, Case number C-85-177) and Association, which had submitted proposed findings and recommendations at the MAY hearing, is now estopped from alleging the Board's actions constitute rulemaking.
[6] See Texas County Irrigation and Water Resources, Inc. v. Oklahoma Water Resources Board, No. C-85-177, supra note 5.
[7] Association argues on appeal that Mobil should not be allowed to appeal from this decision because it is not an aggrieved party. Mobil was allowed to intervene below over Association's objections.
[8] The Board complained the motion was procedurally deficient because the Association: (1) failed to state specific grounds for summary relief; (2) failed to file a brief or list of authorities to support its motion; and (3) failed to give a statement of uncontested material facts. The Board asserted the pleadings raised several factual issues: (1) whether the corporate plaintiff, Association, actually exists; (2) whether Association and the individual plaintiffs have standing to contest the order; and (3) whether the order is based on inadequate and outdated information. The Board also argued that the legal questions to be resolved are: (1) whether the order in dispute is a rule or an order; (2) whether the appeal from the Board's order in No. C-85-177, supra note 5(c), precludes this action; and (3) whether Association is estopped from challenging this order because of its participation in the MAY hearing.
[9] When giving summary relief to the Association at the February 18, 1988 hearing, the trial court ruled that "a rule is a rule is a rule."
[10] Mobil brought its appeal in No. 70,609, and the Board in No. 70,608. On Association's motion, these appeals were consolidated because they present the same issues, parties, records and district court ruling.

This is the second appeal from the MAY determination of water allocated to each acre of land over the Ogallala Groundwater Basin in Texas County. For the earlier appeal see Oklahoma Water Resources Board, v. Texas County Irrigation and Water Resources Association, Okl., 711 P.2d 38 [1985] [Texas I].
[11] The provisions of 82 O.S.Supp. 1988 § 1020.6 are:

"Once such hydrologic survey has been completed and the Board has set a tentative maximum annual yield for the basin or subbasin, the Board shall call and hold hearings at centrally located places within the area of the basin or subbasin. Prior to such hearings being held, the Board shall make copies of such hydrologic survey available for inspection and examination by all interested persons and, at such hearings, shall present evidence of the geological findings and determinations upon which the tentative maximum annual yield has been based. Any interested party shall have the right to present evidence in support or opposition thereto. The hearings shall be conducted pursuant to Article II of the Administrative Procedures Act.
After such hearings are completed, the Board shall then proceed to make its final determination as to the maximum annual yield of water which shall be allocated to each acre of land overlying such basin or subbasin by issuing a final order containing findings of fact and conclusions of law, which order shall be subject to judicial review pursuant to Article II of the Administrative Procedures Act. The Board may, in subsequent basin or subbasin hearings, and after additional hydrologic surveys, increase the amount of water allocated but shall not decrease the amount of water allocated." (Emphasis added.)
The underscored text was added by the 1988 amendment, Okl.Sess.L. 1988, Ch. 203, § 7, effective June 10, 1988.
[12] Trinity Broadcasting Corp. v. Leeco Oil Co., Okl, 692 P.2d 1364, 1366 [1984]; Phillips v. H.A. Marr Grocery Company, Okl., 295 P.2d 765 [1956].
[13] A clarifying amendment is one which explains ambiguous law to more clearly express the legislative intent. See Magnolia Pipeline Company v. Oklahoma Tax Commission, infra note 14, 167 P.2d at 888; Board of Educ., Vici Pub. Schools v. Morris, Okl., 656 P.2d 258, 261 [1983].
[14] Magnolia Pipeline Company v. Oklahoma Tax Commission, 196 Okl. 633, 167 P.2d 884, 888 [1946]. By amending a statute the legislature may have intended one of two things  to change the existing law or to clarify a law that had been ambiguous. Legislative intent is ascertained by looking to the circumstances surrounding the change. Where the earlier statute definitely expressed an intent or had been judicially interpreted, the legislature is presumed to have changed an existing law, but where the meaning of the earlier statute was in doubt or where the conflict as to the law's meaning did exist, a presumption arises that the amendment was designed to "more clearly express the legislative intent previously indefinitely expressed" (Emphasis added.) Magnolia, supra 167 P.2d at 888.

This rule was also discussed in Welch v. Armer, Okl., 776 P.2d 847 [1989], where the statute under review was amended after the accident which gave rise to the claim. This court refused to apply the amendment retrospectively, holding that the amendatory statute did not clarify an existing law but rather altered it. The amendment, labeled a "substantive" change, altered the parties' rights and obligations. Unlike in Welch, the amendatory act in the present case neither alters the parties' obligations with respect to a MAY determination nor their right to appeal from the decision. It simply clarifies the method for obtaining judicial review.
[15] In American Ins. Ass'n v. Indus. Com'n, Okl., 745 P.2d 737, 740 [1987], mid-appeal amendments were made to the pertinent statutes under consideration below. This court concluded the amendatory legislation was intended to correct defects in the enactments sought to be applied, which required that the case be remanded for the trial court's reassessment of the dispute in light of the intervening amendment.
[16] See also Letteer v. Conservancy District No. 30, Okl., 385 P.2d 796, 801 [1963].
[17] An exception to the general rule that amendments operate prospectively only was first expressed in Shelby-Downard Asphalt Co. v. Enyart, 67 Okl. 237, 170 P. 708 [1918]. In Enyart the plaintiff was injured in early 1912 and the legislature amended the existing venue statute in 1913. The plaintiff sued the defendant in 1914 and laid venue based on the 1913 amendment. The defendant argued on appeal that the 1913 amendment operated prospectively only and did not apply to an action that had already accrued and existed at the time of the amendment. Rejecting the defendant's argument, this court adopted the prevailing view that a statute which does not impair vested rights, create new rights, or impose new obligations, but instead gives a remedy for enforcing existing rights and obligations, is to be liberally construed. This, the court said, was necessary to accomplish the "beneficent purpose for which the amendment was enacted." Enyart, supra 170 P. at 709.
[18] Trinity Broadcasting Corp. v. Leeco Oil Co., supra note 12; Phillips v. H.A. Marr Grocery Company, supra note 12.
[19] Shelby-Downard Asphalt Co. v. Enyart, supra note 17; Welch v. Armer, supra note 14.
[20] The title to S.B. No. 354 (Okl.Sess.L. 1988, Ch. 203, p. 885) provides in pertinent part:

"AN ACT RELATING TO PROPERTY AND WATERS AND WATER RIGHTS; AMENDING ... SECTION ... 82 O.S. 1981, Section ... 1020.6, ... CLARIFYING LANGUAGE; . .. REQUIRING CERTAIN HEARINGS TO BE CONDUCTED PURSUANT TO CERTAIN PROVISIONS OF THE ADMINISTRATIVE PROCEDURES ACT; PROVIDING FOR FINAL ORDER TO BE SUBJECT TO JUDICIAL REVIEW PURSUANT TO THE ADMINISTRATIVE PROCEDURES ACT... ." (Emphasis added.)
See Letter v. Conservancy District No. 30, supra note 16, at 801, where the court holds that subsequent legislation may be considered as an aid in construing prior enactments upon the same subject.
[21] This conclusion is in harmony with the intent of the drafters (Commissioners on Uniform State Laws) and the commentary in 1 Davis, Administrative Law Treatise 296-297, § 5.02 [1958], Davis notes that before the 1946 Model State Administrative Procedure Act, the nature of licensing was doubtful, but that by the 1946 Model Act licensing functions are explicitly classified under the rubric of adjudication. The National Conference of Commissioners on Uniform State Laws has since adopted two revised versions of its original Model Act, one in 1961 and another in 1981. The latter supersedes the earlier versions. Under the 1981 Revised Model State Administrative Procedure Act § 4-105, an agency may not "revoke, suspend, modify, annul, withdraw, or amend a license unless the agency first gives notice and an opportunity for an appropriate adjudicative proceeding" in accordance with the 1981 Model Act or other statute. The Commissioners' Comment to § 4-105 notes that this section was adapted from the 1961 Revised Model Act § 14(c), see Model State Administrative Procedure Act, 1981 Act (U.L.A.) § 4-105.
[22] Texas I, supra note 10.
[23] The terms of 75 O.S. 1981 § 318(1) provide in pertinent part:

"Any person or party aggrieved or adversely affected by a final order in an individual proceeding ... is entitled to ... complete judicial review thereof under this act... ."
[24] Association points out the difference in notice requirements applicable to adjudicative proceedings under due process standards of the federal and state constitutions. None of the parties makes a direct challenge to the sufficiency of notice in this case and we express no opinion on the manner and extent of notice-giving in proceedings under 82 O.S.Supp. 1988 § 1020.6.
[25] Grand River Dam Authority v. State, Okl., 645 P.2d 1011, 1019 [1982]; see also Ricks Exploration v. Okl. Water Resources Bd., Okl., 695 P.2d 498, 502 [1984]; Conoco, Inc. v. State Dept. of Health, Etc., Okl., 651 P.2d 125, 132 [1982].