2004 OK CIV APP 98

The **OKLAHOMA CITY AIRPORT TRUST**, a public trust, Plaintiff/Appellee,

and

Connie Baldwin, a resident taxpayer of The City of Oklahoma City, Oklahoma, Intervenor Plaintiff/Appellant,

v.

James R. HUGGINS, if living, or if dead, his unknown successors, if any, to his interest as plaintiff in James R. Huggins v. Sheldon L. Stirling, et al., Case No. 149,610, In the District Court of Oklahoma County, State of Oklahoma; The City of Oklahoma City, a Municipal Corporation, as beneficiary of the Oklahoma City Airport Trust; Oppenheim, a Division of Bosc, Inc., a subsidiary of BOK Financial Corporation, as Representative of the Underwriters under the Bond Purchase Contracts for the Twenty–Seventh Supplemental Junior Lien Bond Issue; Morgan Stanley Dean Witter, as additional underwriter under the Bond Purchase Contract for the Twenty–Seventh Supplemental Junior Lien Bond Issue; Saloman Smith Barney, as additional underwriter under the Bond Purchase Contract for the Twenty–Seventh Supplemental Junior Lien Bond Issue; and Morgan, Keegan & Co., Inc., as additional underwriter under the Bond Purchase Contract for the Twenty–Seventh Supplemental Junior Lien Bond Issue, Defendants/Appellees.

No. 100669.

Court of Civil Appeals of Oklahoma, Division No. 3.

July 16, 2004.

Rehearing Denied Aug. 20, 2004.

Certiorari Denied Nov. 22, 2004.

Leslie V. Batchelor, James Dan Batchelor, Center For Economic Development Law, Oklahoma City, OK, for Plaintiff/Appellee.

Terry Guy Shipley, Norman, OK, for Intervenor Plaintiff/Appellant.

William R. Burkett, Municipal Counselor, Kenneth D. Jordan, Assistant Municipal Counselor, Oklahoma City, OK, for Defendant/Appellee, City of Oklahoma City.

Joseph H. Bocock, McAfee & Taft, Oklahoma City, OK, for Defendant/Appellee, Oppenheim.

CAROL M. HANSEN, Judge.

¶1 Plaintiff, the Oklahoma City Airport Trust (Trust), is a public trust created by a trust indenture in 1956 pursuant to the Oklahoma Public Trust Act, 60 O.S.1951 § 175.1 et seq. (Act). The Act has since been amended several times. The City of Oklahoma City is the sole beneficiary of the Trust. In *Morris v. City of Oklahoma City*, 1956 OK 202, 299 P.2d 131, the Supreme Court held the trust was consonant with the purposes of the Act and not violative of sections of the Oklahoma Constitution respecting public indebtedness.

¶2 In 1960, James Huggins filed an action in Oklahoma County District Court asserting the trustees of Trust improperly sold bonds without competitive bidding. The trial court found:

> Reasonable notice of the proposed issuance of bonds shall be given in a trade journal used for the dissemination of such information so that interested investment bankers or bond dealers may make inquiry and submit bids on such bonds. All contracts for the sale of bonds shall be awarded to the bidder bidding the lowest interest cost to the Trust Estate.

The order did not address the Act. No appeal was lodged, thus no appellate opinion issued.[1]

¶3 At the time of the 1960 trial court order the Act did not provide for notice and competitive bidding in connection with bond sales by a trust. Beginning with an amendment to the Act in 1970, competitive bidding is required unless waived. Section 176[2] of the Act now provides:

> All bonds described in subsection E of this section, after December 1, 1976, except bonds sold to the federal government or any agency thereof or to any agency of the State of Oklahoma, shall be awarded to the lowest and best bidder based upon open competitive public offering, advertised at least once a week for two (2) successive weeks in a newspaper of general circulation in the county where the principal office of the trust is located prior to the date on which bids are received and opened; *provided, competitive bidding may be waived on bond issues with the approval of three-fourths (3/4) of the trustees, and a three fourths (3/4) vote of the governing body of the beneficiary,* unless the beneficiary is a county. * * * * * *(emphasis supplied)

¶4 Relying on this amendment to § 176, Trust discontinued competitive bidding based on votes by Trust and City waiving competitive bidding on several bond issues, and directing the bonds be delivered to underwriters by negotiated sale on terms contained in a contract of purchase approved by resolution of Trust.

¶5 Intervenor/Appellant, Connie Baldwin, representing interested taxpayers, gave a written demand to Trust alleging Trust's sale of three series of bonds to Oppenheim, an underwriter, should have complied with the requirements of the 1960 trial court order and been offered for competitive bids. She requested Trust prosecute an action at law to recover the funds Trust had illegally transferred to Oppenheim and other underwriters. As a result, Trust filed the present action for declaratory judgment listing as defendants the City of Oklahoma (City), Huggins (the plaintiff in the 1960 case), and the underwriters to whom the bonds were sold, seeking a confirmation by the court that its actions were authorized by the Act. With the consent of Trust, the court granted Intervenor's petition to intervene.[3]

¶6 Trust filed a motion for summary judgment, with support by City and Oppenheim, to which Intervenor objected. The trial court granted Trust's motion, finding Trust was governed by the current provisions of

---

1. Huggins also filed a companion case against a different public trust. The district court in that case ruled competitive bidding was not required for the sale of bonds or the construction of public projects and dismissed Huggins claims.

2. Section 176 of the Act has been amended at least eight times. However, each amendment retained the provision that bidding on bond sales may be waived by a vote of the trustees and the beneficiary.

3. After Trust filed its action, Intervenor filed a separate *qui tam* action which the district court dismissed upon Trust's motion on the grounds Trust had instituted and diligently prosecuted proper proceedings.

the Act, (60 O.S.2001 § 176), in regards to the sale of bonds. Intervenor appeals.[4]

∎ ¶ 7 In her objection to Trust's motion for summary judgment, Intervenor pointed out the 1960 order requiring Trust to sell its bonds in the future by competitive bids had never been modified or vacated. Thus, it was still in effect and must be followed by Trust. She argued because the trial court did not base its 1960 order on a statute which had later been changed, that order is still the law. She claimed the amendment to § 176 did not grant any additional powers to Trust. Thus the 1960 order is not now subject to collateral attack.

¶ 8 In reply, Trust points out the 1960 order could not have been based on a statute addressing competitive bidding in that the statute in effect at that time did not contain any requirement for Trust's issuance of bonds. The 1960 order extended only to the facts and conditions as they were at the time the judgment was rendered, and to the legal rights and relations of the parties as fixed by the facts so determined. The 1960 judgment is res judicata only of the issues then presented and the legislation then existing. The 1960 order was entered at a time when the applicable law did not provide for notice or competitive bidding and as a result did not preclude the determination by the court that the current provision of § 176 governed the terms of Trust and superseded the 1960 order.

∎ ¶ 9 Trust's arguments are convincing. A judgment should be denied a conclusive effect to future actions if there has been a change in the law. This applies to all types of changes in the law, including acts of the Legislature, judicial decisions and changes in regulations. Generally, res judicata is no defense where between the time of the first judgment and the second action there has been an intervening change in the law creating an altered situation. *State Farm Mutual Auto. Insurance Co. v. Duel*, 324 U.S. 154, 65 S.Ct. 573, 89 L.Ed. 812 (1945), ; *Spradling v. City of Tulsa*, 198 F.3d 1219 (10th Cir.2000).

*Also see* a 1918 Oklahoma Supreme Court decision, *Shelby–Downard Asphalt Co. v. Enyart*, 1918 OK 50, 67 Okla. 237, *170 P. 708*, wherein the Court held dismissal of a suit brought in the wrong venue was not res judicata in a later suit, brought in the same county, after the statute was amended to make that county the proper venue.

¶ 10 The sale of bonds by Trust, a public trust, is controlled by 60 O.S.2001 § 176 (F). Trust complied with the requirements as set out therein.

¶ 11 AFFIRMED.

JOPLIN, J., and MITCHELL, P.J., concur.

---

4. This appeal sustaining Trust's motion for summary judgment is submitted without appellate briefs in conformance with the procedures for the appellate accelerated docket, Okla. Sup.Ct. R. 1.36, 12 O.S.2001, Ch. 15, App.