Argued March 1, reversed and remanded May 14, 1979

SMITH, *Appellant,*
*v.*
SMITH, nka O'Brien, *Respondent.*
(No. E21,048, CA 12859)

594 P2d 1292

[257]

Peter H. Wells, Pendleton, argued the cause for appellant. With him on the briefs was Corey, Byler & Rew, Pendleton.

Leilan J. Greer, Oregon Legal Services Corporation, Pendleton Regional Office, argued the cause and filed the brief for respondent.

Before Schwab, Chief Judge, and Buttler and Joseph, Judges.

BUTTLER, J.

## BUTTLER, J.

The father filed a petition under the Uniform Child Custody Jurisdiction Act, ORS 109.700 to 109.930, asking the Oregon court to exercise jurisdiction over the custody of the two children of the marriage of the parties, modify a 1969 Oklahoma dissolution decree which awarded custody to the mother, award custody of the children to father, and terminate his child support obligation. Both children are presently living in Oregon with the father: the 12-year-old son since May, 1976, and the 13 1/2-year-old daughter since April, 1977.

The mother, an Oklahoma resident, filed a motion to dismiss, together with a supporting affidavit, on November 7, 1978. On November 28, the father filed a counter-affidavit. At the hearing on November 30, counsel for the mother moved to strike the counter-affidavit on the ground that it was not filed within the time permitted by local court rules. The court granted that motion and, based solely on the mother's affidavit, dismissed the father's petition, finding that Oklahoma is the appropriate forum to determine custody, and that father has improperly retained the two children after visitation. The father appeals, assigning error to the granting of the mother's motions.[1] We reverse.

When a petition is filed under the Uniform Child Custody Jurisdiction Act to modify the custody decree of a court of another state two separate and distinct questions are presented which must be resolved in order: (1) Does the Oregon court have jurisdiction under the Act, and (2) if so, *should* the Oregon court exercise its jurisdiction. *Settle and Settle*, 276 Or 759, 764-65, 556 P2d 962 (1976), *Williams v. Zacher*, 35 Or App 129, 581 P2d 91 (1978). While there are overlap-

---

[1] Because we determine that the court erred in dismissing the father's petition, it is not necessary to reach the error he has assigned to the dismissal of his counter-affidavit. However, we do note that neither party strictly complied with the court rules.

ping considerations involved in answering both questions, the first one may be answered with less information than may the second. In this case the trial court had sufficient information to determine that Oregon *may* exercise jurisdiction, but not enough to determine that Oregon should not do so. The trial court, in finding that Oklahoma is the appropriate forum, purported to answer the second question, but not the first.

■ In answering the first question, we turn to ORS 109.730(1)(a) and (b), which provides:

> "(1) A court of this state which is competent to decide child custody matters has jurisdiction to make a child custody determination by initial or modification decree if:

> "(a) This state is the home state of the child at the time of commencement of the proceeding, * * *;

> "(b) It is in the best interest of the child that a court of this state assume jurisdiction because the child and his parents, or the child and at least one contestant, have a significant connection with this state, and there is available in this state substantial evidence concerning the child's present or future care, protection, training, and personal relationships;

> "* * * * *."

ORS 109.710(5) defines "home state" as follows:

> " 'Home state' means the state in which the child, immediately preceding the time involved, lived with his parents, a parent, or a person acting as parent, for at least six consecutive months * * *."

It is apparent from the petition and the mother's affidavit in this case that Oregon may exercise jurisdiction. Oregon is the children's "home state," since they lived here with the father for more than six consecutive months immediately prior to the commencement of these proceedings. At the time of the hearing on the motion to dismiss, the son had been in Oregon for over 29 months and the daughter had been here for over 20 months. The court also has jurisdiction because the father and the children have a significant connection with Oregon (for instance, they both

[260]

have been regularly attending school), and there is available in Oregon substantial evidence concerning the children's present and future care, protection, training and personal relationships.

■ On the record the trial court was willing to consider, it should have gone no further than to determine that Oregon has jurisdiction: it needed more information to decide whether it should exercise its jurisdiction. Determining whether to exercise jurisdiction involves a multi-step process. *Carson v. Carson*, 29 Or App 861, 565 P2d 763 (1977); *Settle v. Settle, supra.* The court must determine whether there is a custody proceeding pending or a decree in another state which presently has jurisdiction. If so, the court must decline to exercise its jurisdiction. ORS 109.760 and 109.840(1). If not, then the court must determine whether it is an inconvenient forum under ORS 109.770. Finally, if the court is a convenient forum, the court must decline to exercise its jurisdiction if the petitioner has improperly removed the child from the physical custody of the custodial parent or has improperly retained the child after a visit or other temporary relinquishment of custody *unless* the interests of the child require otherwise. ORS 109.780.

■ In making those determinations, the court must examine the various facts and circumstances of the case in light of the overriding policy of the Act, which is to protect the best interests of the children. In gathering the information necessary to make a decision which protects those interests, the court is authorized by the Act to employ a variety of procedures, including the taking of testimony in another state and requesting the court of another state to order a party in the custody proceeding who lives in that other state to appear before the Oregon court.[2] Further, the court may, in its discretion, require the petitioner, the

---

[2] ORS 109.880 provides:
"In addition to other procedural devices available to a party, any party to the proceeding or a guardian ad litem or other representative of the child may adduce testimony of witnesses, including parties and

adverse party or the state to bear the costs of such procedures. None of those procedures was utilized in this case.

■ The trial court's "findings" that Oklahoma is the appropriate forum and that the petitioner had improperly retained the children after visitation are actually conclusions, and the record is inadequate to support them no matter how they are labeled. Nowhere in the record is there any evidence relating to the interests of the children. The mother's affidavit made no attempt to show that the best interests of the children would be better served by an Oklahoma decision or that there was significant evidence available in Oklahoma. The facts set forth in the affidavit support only two arguments relevant to her motion to dismiss: (1) that the father improperly retained the children, and (2) her financial condition makes it difficult for her to participate personally in the proceedings in Oregon. While those factors are relevant, they do not address the predominant issue:

" '* * *[J]urisdiction exists only if it is in the *child's* interest, not merely the interest or conve-

---

the child, by deposition or otherwise, in another state. The court on its own motion may direct that the testimony of a person be taken in another state and may prescribe the manner in which and the terms upon which the testimony may be taken."

ORS 109.890 provides:

"(1) A court of this state may request the appropriate court of another state to hold a hearing to adduce evidence, to order a party to produce or give evidence under other procedures of that state, or to have social studies made with respect to the custody of a child involved in proceedings pending in the court of this state and to forward to the court of this state certified copies of the transcript of the record of the hearing, the evidence otherwise adduced, or any social studies prepared in compliance with the request. The cost of the services may be assessed against the parties or, if necessary, ordered paid by the county or state.

"(2) A court of this state may request the appropriate court of another state to order a party to custody proceedings pending in the court of this state to appear in the proceedings, and if that party has physical custody of the child, to appear with the child. The request may state that travel and other necessary expenses of the party and of the child whose appearance is desired will be assessed against another party or will otherwise be paid."

nience of the feuding parties, to determine custody in a particular state. * * *' " (Emphasis in original.) *Settle and Settle*, 276 Or at 766, quoting from the Commissioners' Note, 9 Uniform Laws Annotated 108, § 3 (Master ed 1973); (ORS 109.730(1)(b)).

We reverse and remand to the trial court for further proceedings to determine whether jurisdiction should be exercised, keeping in mind the best interests of the children as provided in the Act and discussed in *Settle and Settle, supra.* If so, the final question is whether the Oklahoma decree should be modified.

Reversed and remanded.