Argued and submitted October 26, reversed
and remanded November 26, 1979

DOWHANIK,
*Respondent,*
*v.*
DOWHANIK,
*Appellant.*

(No. 78-5436, CA 14711)

602 P2d 1127

Stephen J. R. Shepard, Lane County Legal Aid Service, Eugene, argued the cause and filed the brief for appellant.

No appearance for respondent.

Before Buttler, Presiding Judge, and Gillette and Roberts, Judges.

BUTTLER, P. J.

**BUTTLER, P. J.**

This is a proceeding brought under the Uniform Child Custody Jurisdiction Act, ORS 109.700 to 109.930. The father filed a petition asking the Oregon court to exercise its jurisdiction, and to modify the 1973 North Dakota decree, which dissolved the parties' marriage, by changing the custody of one of the children of the parties from the mother to the father. The trial court "declined" jurisdiction. The father appeals. We reverse and remand.

In *Smith and Smith,* 40 Or App 257, 259, 594 P2d 292 (1979), we emphasized that

"When a petition is filed under the Uniform Child Custody Jurisdiction Act to modify the custody decree of a court of another state two separate and distinct questions are presented which must be resolved in order: (1) does the Oregon court have jurisdiction under the Act, and (2) if so, *should* the Oregon court exercise its jurisdiction. *Settle and Settle,* 276 Or 759, 764-65, 556 P2d 962 (1976), *Williams v. Zacher,* 35 Or App 129, 581 P2d 91 (1978). * * *"

In this case, as in *Smith,* the trial court had sufficient information to determine that Oregon *may* exercise jurisdiction, but not enough to determine whether Oregon should do so.

Oregon may exercise jurisdiction because, at the time of commencement of this proceeding, this state was the "home state" of the child, who had lived in Oregon with his father for more than a year. ORS 109.730(1)(a); 109.710(5).

However, on the record made before the trial court, the court should have gone no further than to determine that Oregon has jurisdiction: it needed more information to decide whether it should exercise its jurisdiction, a decision which turns on the best interest of the child. *Smith and Smith, supra,* 40 Or App at 261. We reverse and remand so that the court may obtain the needed information, noting, as we did in *Smith,* that the Act authorizes the use of a variety of

[381]

procedures for gathering the information, including the taking of testimony in another state. ORS 109.880, 109.890.

Reversed and remanded.