Argued and submitted November 19, 1986, reversed and remanded for further proceedings February 11, 1987

In re Custody of
Richard William Wyatt Stewart
and Robert Angelo Stewart,
Minor Children.

STEWART,
*Appellant,*

*v.*

STEWART,
*Respondent.*

(15-85-07573; CA A38899)

732 P2d 951

Robert A. Miller, Springfield, argued the cause and filed the brief for appellant.

Donald E. Johnson, Eugene, argued the cause for respondent. With him on the brief were Luvaas, Cobb, Richards & Fraser, P.C., and Douglas L. McCool, Eugene.

Before Richardson, Presiding Judge, and Newman and Deits, Judges.

DEITS, J.

**DEITS, J.**

Father appeals from an order dismissing his motion for change of custody. We reverse and remand.

The parties were married on February 14, 1975, in Spokane, Washington. Two children were born during the marriage. Richard was born December 4, 1975, in Hawaii, and Robert was born July 14, 1982, in Oregon. The parties resided in Oregon from January, 1976, until their separation in February, 1984. At that time, mother moved to Hawaii with the children. She returned to Oregon for the dissolution proceedings. The judgment was issued on February 22, 1985, in Umatilla County. Mother was awarded custody of the two children and returned to Hawaii, where she currently resides. Father was granted rights to "reasonable visitation," which included "four weeks each summer."

The children came to Oregon to visit father on June 1, 1985. It was his understanding that he and mother had agreed that they were to stay with him until December 1, 1985. Thereafter, father received a registered letter from mother demanding that the children be returned no later than September 1, 1985.[1]

On September 9, 1985, father filed a petition under the Uniform Child Custody Jurisdiction Act, ORS 109.700 - ORS 109.930 (UCCJA), asking the court to exercise jurisdiction and modify the divorce judgment to give him custody of the children and child support from mother. His petition was supported by an affidavit that contained various unsavory contentions concerning the lifestyles of mother and her family and their treatment of the children. On September 9, the court granted father temporary custody during the pendency of the

---

[1] Although mother claims that father improperly retained the children after visitation, the record does not support her contention. She does not dispute that she and father had originally agreed that father would keep the children until December 1. There is no indication that father violated the visitation provisions of the dissolution decree. Moreover, we note that father's affidavit in support of his motion for temporary custody disclosed that he had retained the children in spite of mother's demand that he return them by September 1 and that the court nonetheless granted him temporary custody pending these proceedings. Accordingly, we do not find that father improperly retained the children after visitation. Finally, we note that, even if the record supported mother's contentions, the court would not have been required to decline jurisdiction. Instead, father's conduct would have been a factor to consider in determining whether the court should exercise jurisdiction. See ORS 109.770(3)(e).

proceedings. On November 21, mother moved to dismiss father's complaint, contending that the court lacked jurisdiction under UCCJA. In her counter-affidavit, mother labeled father's contentions "blatant lies." On January 17, 1986, solely on the basis of the pleadings, supporting affidavits and memoranda,[2] the court granted mother's motion to dismiss.[3]

Both Oregon and Hawaii have adopted and enacted UCCJA. ORS 109.700 *et seq* and Haw Rev Stat ch 583. It provides standards which the courts must apply to jurisdictional conflicts concerning child custody disputes. The act includes standards for assuming jurisdiction, recognizing and enforcing the decrees of other states and opening lines of communication among courts of different states. As stated in *Grubs v. Ross,* 291 Or 263, 630 P2d 353 (1981):

> "The Act aims to avoid the jurisdictional conflicts and confusions which have resulted in the past by providing, as clearly as possible, for *one* court in *one* state to have major responsibility to determine who is to have custody of a particular child." (Emphasis in original.) 291 Or at 268.

When proceeding under UCCJA, a court must keep in mind that the overriding policy of the act is to protect the best interests of the children. *Smith v. Smith,* 40 Or App 257, 594 P2d 1292 (1979).

When a petition to modify an award is filed under UCCJA, there are two questions which must be answered: (1) Does the court have jurisdiction and (2), if so, should it exercise its jurisdiction? *Smith v. Smith, supra.* The test is applicable when considering modification of both out-of-state and in-state awards. When considering modification of in-state awards, however, there is a strong preference that the petition for modification be addressed to the courts of the decree state if those courts continue to have jurisdiction. ORS 109.840; *see Grubs v. Ross, supra,* 291 Or at 272.

---

[2] The record indicates that the motion was not argued. *See* n 3, *infra.*

[3] The court did not make findings or reach conclusions. The body of the order provides:

> "THIS MATTER came before the court upon the Motion to Dismiss Complaint filed on behalf of Imelda C. Stewart. The court took said Motion on the record the 23rd day of December, 1985, now therefore, IT IS HEREBY ORDERED that said Motion is granted."

It is not clear whether the trial court found that it lacked jurisdiction or only that it was an inconvenient forum. We believe the trial court concluded that it lacked jurisdiction, because the court granted mother's motion that was based principally on the argument that the court lacked jurisdiction. In addition, had the court declined to exercise jurisdiction because it found the courts of Hawaii to be the more appropriate forum, it would have been required to notify the courts of Hawaii. ORS 109.770(8). There is no indication in the record that it did so.

■ Assuming that the trial court held that it lacked jurisdiction, it erred. The bases of jurisdiction in this type of case are set forth in ORS 109.730(1):

"A court of this state which is competent to decide child custody matters has jurisdiction to make a child custody determination by initial or modification decree if:

"(a) This state is the home state of the child at the time of commencement of the proceeding, or had been the child's home state within six months before commencement of the proceeding and the child is absent from this state because of removal or retention by a person claiming custody or for other reasons, and a parent or person acting as parent continues to live in this state;

"(b) It is in the best interest of the child that a court of this state assume jurisdiction because the child and the parents of the child, or the child and at least one contestant, have a significant connection with this state, and there is available in this state substantial evidence concerning the child's present or future care, protection, training, and personal relationships;

"(c) The child is physically present in this state and the child has been abandoned or it is necessary in an emergency to protect the child because the child has been subjected to or threatened with mistreatment or abuse or is otherwise neglected or dependent; or

"(d) It appears that no other state would have jurisdiction under prerequisites substantially in accordance with paragraph (a), (b) or (c) of this subsection, or another state has declined to exercise jurisdiction on the ground that this state is the more appropriate forum to determine the custody of the child, and it is in the best interest of the child that this court assume jurisdiction."

"Home state" is defined in ORS 109.710(5) to mean:

"the state in which the child, immediately preceding the time involved, lived with the parents of the child, a parent, or a person acting as a parent, for at least six consecutive months, and, in the case of a child less than six months old, the state in which the child lived from birth with any of the persons mentioned. Periods of temporary absence of any of the named persons are counted as part of the six-month or other period."

Because the children had been in Oregon for only three months when this proceeding was initiated, the court could not have assumed "home state" jurisdiction under ORS 109.730(1)(a). For the purposes of this action, Hawaii is the children's "home state" because they had resided there for over six consecutive months preceding the filing of the action and Oregon had not yet re-acquired home state jurisdiction. Haw Rev Stat § 583-2(5).[4] Thus, Hawaii has jurisdiction under Haw Rev Stat § 583-3(a)(1).[5] However, because UCCJA contemplates concurrent jurisdiction, it is possible that Oregon could also have jurisdiction.

■        Father contends that Oregon has jurisdiction under both ORS 109.730(1)(b) and (c). Subsection (1)(b) requires that the child and at least one parent have significant connection with the state and that the court have "optimum access to relevant evidence" about the children and their family before acquiring jurisdiction; in this way, the children's best interests are served. Commissioners' Note, 9 *Uniform Laws Annotated* 107, 108, § 3 (1973). The judgment in this case was issued by an Oregon court. Father has continuously resided in Oregon since January, 1976. He is employed in Oregon and his wife and family reside here. Mother resided in Oregon from January, 1976, to February, 1984. Although the children resided in Hawaii for approximately 14 months just before father's filing, they have lived most of their lives in Oregon and were in Oregon for three months before the filing. Oregon is the only state where the parties and the children lived together as a family. Moreover, because the children are currently residing in Oregon, their testimony could easily be taken by the court. Reports of their medical condition upon arrival is here, as is evidence concerning their relationships with father and his family.

---

[4] This statute is virtually identical to ORS 109.710(5).

[5] This statute is virtually identical to ORS 109.730(1)(a).

Because the evidence indicates that father and the children have "significant connection" with Oregon and that there is "substantial evidence" available in the state concerning the children's present or future care, protection, training and personal relationships, we hold that the court had jurisdiction under subsection (1)(b)[6] and erred in granting mother's motion to dismiss.

The next issue is whether the court should have assumed jurisdiction. In determining whether Oregon is the most convenient forum, the focus is somewhat different from that in determining whether the court has jurisdiction under ORS 109.730(1)(b). The jurisdictional test focuses only on the contacts with and evidence available within that state. By contrast, the convenient forum analysis involves a comparison of the contacts with and the evidence available within both states. ORS 109.770.[7]

---

[6] Because of our holding on this issue, it is not necessary to decide whether the court also has jurisdiction under subsection (1)(c).

[7] ORS 109.770 provides:

"(1) A court which has jurisdiction under ORS 109.700 to 109.930 to make an initial or modification decree may decline to exercise its jurisdiction any time before making a decree if it finds that it is an inconvenient forum to make a custody determination under the circumstances of the case and that a court of another state is a more appropriate forum.

"(2) A finding of inconvenient forum may be made upon the court's own motion or upon motion of a party or a guardian ad litem or other representative of the child.

"(3) In determining if it is an inconvenient forum, the court shall consider if it is in the interest of the child that another state assume jurisdiction. For this purpose it may take into account the following factors, among others:

"(a) If another state is or recently was the child's home state;

"(b) If another state has a closer connection with the child and the family of the child or with the child and one or more of the contestants;

"(c) If substantial evidence concerning the child's present or future care, protection, training, and personal relationships is more readily available in another state;

"(d) If the parties have agreed on another forum which is no less appropriate; and

"(e) If the exercise of jurisdiction by a court of this state would contravene any of the purposes stated in ORS 109.720 (1) and (2).

"(4) Before determining whether to decline or retain jurisdiction the court may communicate with a court of another state and exchange information pertinent to the assumption of jurisdiction by either court with a view to assuring that jurisdiction will be exercised by the more appropriate court and that a forum

Although the record is sparse, it supports a determination that Oregon is the appropriate forum in this case. The bases of Oregon's jurisdiction, including the availability of substantial evidence within Oregon and the connections between the parties, the children and Oregon, were discussed above. Hawaii's jurisdiction is based on its status as the children's "home state." Moreover, there is "substantial evidence" there concerning the children's care, protection, training and personal relationships and mother and the children have a "significant connection" with Hawaii.

■ Although both states could be appropriate forums, because pertinent and necessary evidence regarding different aspects of the dispute must come from each state, we hold that Oregon is the more appropriate forum for the following reasons: (1) It is the policy of UCCJA that a state with continuing jurisdiction under a decree make determinations regarding custody changes, and Oregon is the decree state and has jurisdiction. ORS 109.840(1).[8] (2) Oregon is the only state

---

will be available to the parties.

"(5) If the court finds that it is an inconvenient forum and that a court of another state is a more appropriate forum, it may dismiss the proceedings, or it may stay the proceedings upon condition that a custody proceeding be promptly commenced in another named state or upon any other conditions which may be just and proper, including the condition that a moving party stipulate consent and submission to the jurisdiction of the other forum.

"(6) The court may decline to exercise its jurisdiction under ORS 109.700 to 109.930 if a custody determination is incidental to an action for divorce or another proceeding while retaining jurisdiction over the divorce or other proceeding.

"(7) If it appears to the court that it is clearly an inappropriate forum it may require the party who commenced the proceedings to pay, in addition to the costs of the proceedings in this state, necessary travel and other expenses, including attorney fees at trial and on appeal, incurred by other parties or their witnesses. Payment is to be made to the clerk of the court for remittance to the proper party.

"(8) Upon dismissal or stay of proceedings under this section the court shall inform the court found to be the more appropriate forum of this fact, or if the court which would have jurisdiction in the other state is not certainly known, shall transmit the information to the court administrator or other appropriate official for forwarding to the appropriate court.

"(9) Any communication received from another state informing this state of a finding of inconvenient forum because a court of this state is the more appropriate forum shall be filed in the custody registry of the appropriate court. Upon assuming jurisdiction the court of this state shall inform the original court of this fact."

[8] ORS 109.840(1) provides:

"If a court of another state has made a custody decree, a court of this state

where the parties and the children have resided together as a family. (3) Father has continuously resided in Oregon since January, 1976. (4) Father is employed in Oregon, and his wife and family reside here. (5) Mother resided in Oregon from January, 1976, to February, 1984. (6) The children lived the majority of their lives in Oregon. (7) The children are currently in Oregon. We hold that Oregon is the appropriate forum and remand for the court to hear the merits of the requested modification.[9]

Reversed and remanded for further proceedings not inconsistent with this opinion.

---

shall not modify that decree unless it appears to the court of this state that the court which rendered the decree does not now have jurisdiction under jurisdictional prerequisites substantially in accordance with ORS 109.700 to 109.930 or has declined to assume jurisdiction to modify the decree and the court of this state has jurisdiction."

[9] We note that UCCJA does provide mechanisms to obtain evidence from the other state. ORS 109.890(1) provides:

"A court of this state may request the appropriate court of another state to hold a hearing to adduce evidence, to order a party to produce or give evidence under other procedures of that state, or to have social studies made with respect to the custody of a child involved in proceedings pending in the court of this state and to forward to the court of this state certified copies of the transcript of the record of the hearing, the evidence otherwise adduced, or any social studies prepared in compliance with the request. The cost of the services may be assessed against the parties or, if necessary, ordered paid by the county or state."