Submitted on record and appellant's brief March 26, reversed and remanded
October 21, 1992

In the Matter of the Marriage of

## Chris Steven HENRICKS,
*Appellant,*

*and*

## Cheryl Lynne HENRICKS,
*Respondent.*

(15-82-08062; CA A72315)

839 P2d 766

Steven M. Richkind, Eugene, filed the brief for appellant.

No appearance for respondent.

Before Richardson, Presiding Judge, and Deits and Durham, Judges.

DURHAM, J.

## DURHAM, J.

Father appeals from a trial court order granting mother's motion to dismiss. The issue is whether the court has jurisdiction to order a change in custody of the parties' children under the Uniform Child Custody Jurisdiction Act (UCCJA). ORS 109.700 to ORS 109.930. We reverse.

The parties were married in 1974 in Virginia and moved to Oregon, where father had lived since 1959. Father has been continuously employed in Oregon as a crane operator. One son was born in Oregon in 1975 and another in 1977. The parties dissolved their marriage in Oregon in 1983, when the sons were seven and five years old. Shortly before the judgment was entered, mother, who received custody of the children, moved with them to Virginia. She remarried and still lives there. Father remarried in 1983. The sons have resided with mother and have visited with father for one month every summer in Oregon.

On July 24, 1991, during the sons' summer visit, father moved in Lane County to change custody on the basis of expressed desires of the sons, then ages 16 and 14, to live with him in Oregon. On August 5, 1991, mother told father in a letter that she thought that the sons should stay with him for the next nine months and possibly permanently. On August 29, 1991, she moved to dismiss father's motion "for lack of personal jurisdiction and inconvenient forum." In an accompanying affidavit, she said that father was "presently wrongful in detaining our children * * * [and] refusing to return them to me at the agreed time" but that "I do not deny that he loves his children." Father obtained the sons' Virginia school records and enrolled them in school in Oregon in September, 1991.[1] The boys have relatives and friends in Oregon and Virginia. On October 10, 1991, the court dismissed father's motion, although the order does not say whether the court held that it lacked jurisdiction or that

---

[1] The record is ambiguous as to whether father improperly retained the sons after visitation. Mother described his behavior as "wrongful" but does not dispute that she consented to the extension of father's visitation and never revoked it. As we said in *Stewart v. Stewart*, 83 Or App 675, 677 n 1, 732 P2d 951 (1987):

"[E]ven if the record supported mother's contentions, the court would not have been required to decline jurisdiction. Instead, father's conduct would have been a factor to consider in determining whether the court should exercise jurisdiction. *See* ORS 109.770(3)(e)."

Oregon was not a convenient forum or both. The fact that the court did not notify Virginia that it found it to be the more appropriate forum, ORS 109.780(8), suggests that the court concluded that it had no jurisdiction. *See Stewart v. Stewart, supra* n 1, 83 Or App at 679.

Father contends that the court erred in ruling that it lacks jurisdiction. We agree. Oregon and Virginia have adopted UCCJA. ORS 109.700 *et seq*; Va Code Ann §§ 10-125 *et seq*. Jurisdiction to modify child custody is governed by ORS 109.730(1).

"(1) A court of this state which is competent to decide child custody matters has jurisdiction to make a child custody determination by initial or modification decree if:

"(a) This state is the home state of the child at the time of commencement of the proceeding, or had been the child's home state within six months before commencement of the proceeding and the child is absent from this state because of removal or retention by a person claiming custody or for other reasons, and a parent or person acting as parent continues to live in this state;

"(b) It is in the best interest of the child that a court of this state assume jurisdiction because the child and the parents of the child, or the child and at least one contestant, have a significant connection with this state, and there is available in this state substantial evidence concerning the child's present or future care, protection, training, and personal relationships;

"(c) The child is physically present in this state and the child has been abandoned or it is necessary in an emergency to protect the child because the child has been subjected to or threatened with mistreatment or abuse or is otherwise neglected or dependent; or

"(d) It appears that no other state would have jurisdiction under prerequisites substantially in accordance with paragraph (a), (b) or (c) of this subsection, or another state has declined to exercise jurisdiction on the ground that this state is the more appropriate forum to determine the custody of the child, and it is in the best interest of the child that this court assume jurisdiction."

Oregon had no "home state"[2] jurisdiction under ORS 109.730(1)(a), because the children had resided in Virginia for more than six consecutive months before father filed his motion. However, UCCJA contemplates concurrent jurisdiction in cases such as this. *Stewart v. Stewart, supra* n 1, 83 Or App at 680. Father's motion and accompanying affidavits establish that Oregon has "significant connection" jurisdiction over this matter. ORS 109.730(1)(b). We said in *Stewart v. Stewart, supra* n 1:

> "Subsection (1)(b) requires that the child and at least one parent have significant connection with the state and that the court have 'optimum access to relevant evidence' about the children and their family before acquiring jurisdiction; in this way the children's best interests are served. Commissioners' Note, 9 *Uniform Laws Annotated* 107, 108, § 3 (1973)." 83 Or App at 680.

An Oregon court granted the dissolution decree and awarded custody to mother. Father has lived and worked in Oregon for a substantial period. Mother resided in Oregon for approximately nine years until the marriage was dissolved in 1983. Both children were born and lived in Oregon until mother moved them to Virginia when the marriage was dissolved and have visited father in Oregon every summer since that time. Oregon is the only state where the parties and the children have lived together as a family. The children are now living and going to school in Oregon and can testify about their present personal relationships and care. Father can provide the court with information about their medical conditions, schooling, care and personal relationships. The court erred in rejecting "significant connection" jurisdiction.

Whether the court should have exercised its jurisdiction depends on a comparison of the contacts of the children and the parties and the evidence available within each state.

---

[2] ORS 109.710(5) provides:

" 'Home state' means the state in which the child, immediately preceding the time involved, lived with the parents of the child, a parent, or a person acting as parent, for at least six consecutive months, and, in the case of a child less than six months old, the state in which the child lived from birth with any of the persons mentioned. Periods of temporary absence of any of the named persons are counted as part of the six-month or other period."

ORS 109.770. We do not address the question. The trial court should consider it on remand.

Reversed and remanded. Costs to father.