**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**JAN 5 2000**

**PATRICK FISHER**
**Clerk**

PUBLISH

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

B.N. SPRADLING; B.C. DOW; J.D.
FELLINGER; L.M. LAMB; ROBERT L.
MCCLARY; PHILIP MORGANS;
EDGAR LEON WILSON; F.L. COOK;
D.R. GRANT; THOMAS E. HOLLAND;
ROBERT E. NANTZ; BILLY JOE
GEIER; KEN LORTON; EDDIE BELL;
HARRY L. BAKER; CHARLES
FRANKLIN WILLCOX; C. RIDGE
KAYSER; RODNEY MITCHELL;
ROGER SHARP; DONALD M.
WHITLEY,

       Plaintiffs-Appellants,

v.

CITY OF TULSA, a municipal
corporation,

       Defendant-Appellee.

No. 98-5204

---

**APPEAL FROM THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF OKLAHOMA**
**(D.C. No. 97-CV-552-E)**

---

Mark W. Schilling of Riggs, Abney, Neal, Turpen, Orbison & Lewis, Tulsa, Oklahoma,
for Plaintiffs-Appellants.

Larry V. Simmons and Ellen Hinchee, Tulsa, Oklahoma, for Defendant-Appellee.

Before **BALDOCK**, **REAVLEY**,[*] and **BRORBY**, Circuit Judges.[**]

---

**BALDOCK**, Circuit Judge.

---

Plaintiffs, present and retired District Chiefs of Defendant City of Tulsa's fire department, brought suit for overtime compensation pursuant to § 207 of the Fair Labor Standards Act (FLSA) for the period March 30, 1995 through June 30, 1997.  See 29 U.S.C. §§ 201-219.  Defendant claims Plaintiffs were not entitled to overtime pay because they came within the exemption for "bona fide executive, administrative, or professional" employees provided by § 213(a)(1).  The district court granted summary judgment in favor of Defendant and Plaintiffs appeal.  We exercise jurisdiction under 28 U.S.C. § 1291.

We review de novo the district court's grant of summary judgment, applying the same standard as the district court under Fed. R. Civ. P. 56(c).  See Simms v. Oklahoma ex rel. Dep't of Mental Health & Substance Abuse Servs., 165 F.3d 1321, 1326 (10th Cir.), cert. denied, 120 S. Ct. 53 (1999).  Summary judgment is appropriate where no genuine issues of material fact exist and the moving party is entitled to judgment as a

---

[*]    The Honorable Thomas M. Reavley, United States Circuit Judge for the United States Court of Appeals for the Fifth Circuit, sitting by designation.

[**]    After examining the briefs and appellate record, this panel has determined unanimously to honor the parties' request for a decision on the briefs without oral argument.  See Fed. R. App. P. 34(a)(2)(c); 10th Cir. 34.1(G).  The case is therefore ordered submitted without oral argument.

matter of law. Fed. R. Civ. P. 56(c). Applying this standard, we affirm.

I.

Under the FLSA, an employer must pay an employee overtime compensation for all hours worked by the employee in a given week in excess of forty hours. 29 U.S.C. § 207(a)(1). The FLSA provides an exemption from overtime compensation for any employee employed in a "bona fide executive, administrative, or professional capacity" as defined by the Secretary of Labor. 29 U.S.C. § 213(a)(1). The Department of Labor regulations provide that an employee is executive, administrative, or professional if the employer demonstrates that the employee (1) is paid on a salary basis, (2) at a rate of not less than $250 per week, and (3) that the employee meets the "duties test." 29 C.F.R. §§ 541.1, 541.2, and 541.3; see Aaron v. City of Wichita, Kansas, 54 F.3d 652, 657-58 (10th Cir. 1995). The parties agree that Plaintiffs meet the "duties test" and are compensated in an amount exceeding $250 per week. They dispute whether Plaintiffs meet the "salary basis test" for exemption. The Department of Labor regulations provide that an employee is considered to be paid "on a salary basis" if he "regularly receives each pay period on a weekly, or less frequent basis, a predetermined amount constituting all or part of his compensation, which amount is not subject to reduction because of variations in the quality or quantity of the work performed." 29 C.F.R. § 541.118(a).

Plaintiffs argue their pay was "subject to reduction" for reasons inconsistent with payment on a salary basis. Plaintiffs claim their pay was "subject to reduction" because,

3

under the terms of Defendant's written policy, their pay could be reduced as a form of discipline. Defendant's policy, which applied to Plaintiffs as well as other, non-salary employees, created a possibility of salary reductions for absences of less than one day. Further, Plaintiffs allege instances of actual deductions. Defendant, on the other hand, claims that the policy did not effectively communicate that pay deductions were an anticipated form of punishment for employees in Plaintiffs' position. Further, Defendant denies that any deductions actually occurred.

In 1992, the District Chiefs filed a lawsuit seeking overtime compensation. The district court resolved the case in favor of the District Chiefs, and we affirmed the district court in Spradling v. City of Tulsa, 95 F.3d 1492 (10th Cir. 1996) (Spradling I). Defendant satisfied the judgment of Spradling I, which covered overtime compensation for hours worked through March 30, 1995. Defendant did not, however, pay the District Chiefs overtime as it accrued after March 30, 1995. Plaintiffs in the current suit seek overtime compensation for hours worked from March 31, 1995 through June 30, 1997, after which a collective bargaining agreement addressing the issue became effective.[1]

Plaintiffs argue that the doctrines of collateral estoppel and res judicata dictate the same result reached in Spradling I. Defendant claims that a recent Supreme Court case, Auer v. Robbins, 519 U.S. 452 (1997), changed the applicable law, rendering application

---

[1] Plaintiffs in the current suit include individuals promoted to District Chief during the pendency of Spradling I and after its conclusion.

4

of either res judicata or collateral estoppel inappropriate. The district court granted Defendant's motion for summary judgment, concluding that "Auer changed the law in the Tenth Circuit and hence changes the result reached in Spradling I." We agree.

According to the law of collateral estoppel, "once a court has decided an issue of fact or law necessary to its judgment, that decision may preclude relitigation of the issue in a suit on a different cause of action involving a party to the first case." Allen v. McCurry, 449 U.S. 90, 94 (1980); see also Meredith v. Beech Aircraft Corp., 18 F.3d 890, 895 (10th Cir. 1994) (quoting Ashe v. Swenson, 397 U.S. 436, 443 (1970)) (collateral estoppel applies to prevent relitigation by the same parties in any future lawsuit of an issue of ultimate fact that has once been determined by a valid and final judgment). The doctrines of collateral estoppel and res judicata, however, apply only in cases where controlling facts and law remain unchanged. Commissioner v. Sunnen, 333 U.S. 591, 599-600 (1948). Consequently, res judicata and collateral estoppel are inapplicable where, between the first and second suits, an intervening change in the law or modification of significant facts create new legal conditions. Id. The Supreme Court decision in Auer constitutes an intervening change in the law sufficient to render collateral estoppel and res judicata inapplicable to the present case. See, eg., Community Hospital v. Sullivan, 986 F.2d 357, 360 (10th Cir. 1993) (refusing to apply collateral estoppel following change in facts and law).

II.

In Auer, the Supreme Court resolved a split among the circuits on the meaning of the phrase "subject to" as used in the salary basis test. The plaintiffs in Auer, sergeants employed by the St. Louis Police Department, brought suit against members of the St. Louis Board of Police Commissioners seeking overtime pay under the FLSA. Auer, 519 U.S. at 455. The defendants claimed the sergeants were exempt pursuant to § 213(a)(1). The Supreme Court held the salary basis test denies exempt status when employees are covered by a policy that permits disciplinary or other deductions in pay "as a practical matter." Id. at 461. The standard is met "if there is either an actual practice of making such deductions or an employment policy that creates a 'significant likelihood' of such deductions." Id. While the standard does not require a showing of actual deductions, "in their absence it requires a clear and particularized policy--one which 'effectively communicates' that deductions will be made in specified circumstances." Id.

The Court noted that the police manual listed fifty-eight possible rule violations as well as the range of penalties for each violation. Id. at 461-62. The manual nominally covered all department employees and some of the specified penalties involved disciplinary deductions in pay. Id. Relying on the Secretary of Labor's interpretation of the applicable regulation, 29 C.F.R. § 541.118(a), the Court stated,

> Under the Secretary's view, that is not enough to render petitioners' pay "subject to" disciplinary deductions within the meaning of the salary-basis test. This is so because the manual does not "effectively communicate" that pay deductions are an anticipated form of punishment for employees in petitioners' category, since it is perfectly possible to give full effect to every aspect of the manual without drawing any inference of that sort. If the

6

statement of available penalties applied solely to petitioners, matters would be different; but since it applies both to petitioners and to employees who are unquestionably not paid on a salary basis, the expressed availability of disciplinary deductions may have reference only to the latter. No clear inference can be drawn as to the likelihood of a sanction's being applied to employees such as petitioners.

Id. at 462.

We construed a similar employment manual in Carpenter v. City & County of Denver, 115 F.3d 765 (10th Cir. 1997), decided on remand from the Supreme Court for further consideration in light of Auer. In Carpenter, lieutenants, captains, and division chiefs in the police department sought overtime compensation under FLSA. Because the department manual applied to all members of classified service, we concluded that the manual did not "effectively communicate" that the statement of available penalties applied only to the plaintiffs seeking overtime compensation. Id. at 767. Further, we noted that the record did not contain "evidence of disciplinary or other deductions in pay either as an actual practice or 'an employment policy that creates a "substantial likelihood" of such deductions.'" Id. (quoting Auer, 519 U.S. at 461).

The written policy in the present case similarly applies to both Plaintiffs and other employees who are not paid on a salary basis. Therefore, Defendant's express policy does not "effectively communicate that pay deductions are an anticipated form of punishment for employees in [Plaintiffs'] category . . . ." Auer, 519 U.S. at 462. Rather, "[n]o clear inference can be drawn as to the likelihood of a sanction's being applied to

7

employees such as [Plaintiffs]." Id.

Further, while the record in Carpenter contained two cases of alleged deductions, we noted that "the [Supreme] Court specifically recognized that such one time deductions under unusual circumstances will not oust exempt status and may be remedied under 29 C.F.R. § 541.118(a)(6)." Id. In Spradling I, the district court found "uncontroverted evidence that Plaintiffs have been disciplined, on more than one occasion, by a reduction in pay . . . ." Spradling I, 95 F.3d at 1503. This finding alone, however, does not necessarily satisfy the "subject to reduction" standard set forth in Auer. The actual instances of pay reduction must amount to an actual practice of making such deductions. Auer, 519 U.S. at 461. One-time deductions in pay under unusual circumstances are insufficient to satisfy the "subject to reduction" standard. See id. at 463-64. Here, Plaintiffs admit that none of them had "ever been absent from the work place due to a disciplinary action, and therefore, ha[d] never had his pay reduced as a result thereof." Moreover, Plaintiffs admit that "[s]ince the FLSA became applicable to the City in 1986, no employee of the City holding the rank of District Chief has ever had his pay reduced for being absent from the work place due to any reason other than violations of a major safety rule." Accordingly, Defendant did not maintain an actual practice of making such deductions. We therefore hold Plaintiffs are exempt from the overtime requirements of the FLSA.

AFFIRMED.

8