The PEOPLE of the State of Colorado,
Plaintiff–Appellee,

v.

Troy M. FENNELL, Defendant–
Appellant.

No. 98CA2459.

Colorado Court of Appeals,
Division V.

Nov. 24, 2000.*

Certiorari Denied July 23, 2001.

* Prior Opinion Announced Aug. 17, 2000, WITH- DRAWN. Petition for Rehearing GRANTED.

Ken Salazar, Attorney General, Julia A. Thomas, Assistant Attorney General, Denver, CO, for Plaintiff–Appellee.

Kevin B. Klein, Boulder, CO, for Defendant–Appellant.

Opinion by JUDGE RULAND

Defendant, Troy M. Fennell, appeals from the order denying his motion to dismiss the charges against him based upon an alleged violation of his statutory and constitutional right to speedy trial. In the alternative, he also challenges the order reinstating his guilty plea on those charges. We affirm.

On May 4, 1992, defendant pled guilty to one count each of second degree burglary, theft, and aggravated motor vehicle theft. In exchange for his plea, the prosecution agreed to dismiss other charges against him and to forgo filing habitual criminal charges.

Defendant was on "mandatory release" status from a federal prison at the time he entered his plea. As a result, he was subject to a federal detainer for parole violation. Accordingly, the parties added a stipulation to the plea agreement. The stipulation provided that the prosecution would recommend that defendant's sentence run concurrently with any federal sentence he might serve.

The court acknowledged this stipulation at the sentencing hearing but expressed its concern that this condition might not be enforceable against the federal authorities. Nevertheless, the court imposed concurrent sentences of 25 years for burglary and theft and a consecutive 10–year sentence for aggravated motor vehicle theft, all to run concurrently with defendant's federal sentence.

Later, defendant learned that the federal authorities would not take him into custody until he completed his state sentence. He then filed a *pro se* Crim.P. 35(c) motion claiming that his sentence was illegal because his federal sentence was not being served concurrently with his state sentence and that, therefore, his plea had been made involuntarily.

Following a hearing, the trial court denied the motion, finding that the plea agreement had called only for a recommendation that the federal sentence be served concurrently with the state sentence. The court also found that the required recommendation had been made.

On appeal, however, a division of this court reversed based upon its determination that the sentencing stipulation was not merely that the sentencing court make a recommendation. The division also concluded that the

stipulation could not be enforced and that, therefore, defendant must be afforded the opportunity to affirm or withdraw his plea. The case was remanded with directions. *People v. Fennell,* (Colo.App. No. 96CA0658, March 27, 1997)(not selected for official publication) (*Fennell I*).

Following issuance of the mandate by this court on January 30, 1998, defendant filed a motion to withdraw his plea and requested that the speedy trial period begin running. The trial court allowed defendant to withdraw his plea at a hearing on April 20, 1998. However, the prosecution then asked for time to contact the federal authorities to determine whether the concurrent sentencing stipulation would be honored.

On May 11, 1998, the prosecution filed with the court a "Notice of Action" from the United States Parole Commission. In this document, the Commission stated that it was withdrawing its federal detainer because defendant had served the remainder of his sentence while in state custody.

At a hearing on the same day, the prosecution asked the court to reinstate defendant's guilty plea because the release of the federal detainer fulfilled the stipulation in the original plea agreement. The court declined to rule on the request because defendant was not represented by counsel at that point and was resisting appointment of the public defender.

The court concluded that it would appoint new counsel and set a hearing date of June 22, 1998, for defendant to enter a guilty plea if a new agreement was reached. The court also informed defendant that if he wanted to enter a plea of not guilty after consulting with his new counsel, he could do so by telephone any time before the next hearing and a trial date would be set.

Defendant entered a not guilty plea during a telephonic hearing on June 22. The court determined that the speedy trial period began on this day.

At a status hearing on November 6, 1998, the court reviewed the prosecution's motion to reinstate defendant's guilty plea. Treating the request as a motion for reconsideration of the withdrawal of defendant's plea,

the court concluded that defendant had now received the benefit of his plea bargain and reinstated the guilty plea. This appeal followed.

## I.

Defendant contends that the trial court erred in failing to dismiss all of the charges because his statutory and constitutional rights to speedy trial were violated. We disagree.

## A.

With reference to his statutory claim, defendant argues that under § 18–1–405(2), C.R.S.2000, the trial court had only six months from January 30, 1998, the date it received the mandate, to set his case for trial. Therefore, he argues, the dismissal of the charges is mandated.

The prosecution responds that, because defendant did not have a trial that resulted in a conviction, the time limitation of § 18–1–405(2) does not apply to him. Instead, it contends that the trial court was required under § 18–1–405(1), C.R.S.2000, to set the trial date within six months of defendant's entry of his not guilty plea. We agree with the prosecution.

Under § 18–1–405, C.R.S.2000, a defendant must be brought to trial within six months of the entry of a plea or the charges must be dismissed. *See People v. Arledge,* 938 P.2d 160 (Colo.1997).

If a trial results in a judgment of conviction that is reversed on appeal, § 18–1–405(2) requires that any new trial must be commenced within six months after the date the trial court receives the mandate from the appellate court. Hence, by its plain language, this statute applies only to those cases in which a judgment of conviction entered after a trial is reversed on appeal. *See Bertrand v. Board of County Commissioners,* 872 P.2d 223 (Colo.1994)(words and phrases of statutory language must be read in context and given their plain and ordinary meaning). And, contrary to defendant's contention, we do not read *People v. Arledge, supra,* as requiring the statute to be construed oth-

er than consistently with the plain meaning of the words used.

Here, because defendant entered a guilty plea pursuant to a plea agreement, he was not convicted following a trial. Thus, § 18–1–405(2) does not apply. As a result, because defendant entered his not guilty plea on June 22, 1998, the trial court had six months from the entry of that plea under § 18–1–405(1), C.R.S.2000, to try the case. Then, because the case reached a final disposition by the reinstatement of the guilty plea on November 6 and before the six months expired, defendant's statutory right to speedy trial was not violated.

### B.

■ In the alternative, defendant contends that his constitutional right to speedy trial was violated. He argues that the delays caused by the prosecution and the court before allowing him to withdraw his plea deprived him of this constitutional right. We find no violation.

■ In assessing whether a defendant's constitutional right to speedy trial has been violated, the court must determine: (1) the length of the delay, (2) the reason for the delay, (3) whether the defendant asserted the right to speedy trial, and (4) any prejudice to the defendant caused by the delay. *People v. Chavez,* 779 P.2d 375 (Colo.1989). Defendant carries the burden to establish the violation. *Moody v. Corsentino,* 843 P.2d 1355 (Colo. 1993).

Here, the total length of time from receipt of the mandate from this court to the final disposition of this case was eleven months. The reasons for certain of the delays were attributable in part to defendant's concerns about the attorney who would represent him and the court's accommodation of such concerns.

We recognize that defendant did assert his right to speedy trial on several occasions. However, his objections were, as discussed, incorrectly based on his perception that receipt of the mandate from the appellate court triggered the statutory speedy trial period.

Further, and significantly, defendant has not asserted any specific prejudice resulting from the delays. In this context, the fact that defendant was incarcerated is given slight weight absent a showing that his ability to present a defense was impaired. *See People v. Harris,* 914 P.2d 425 (Colo.App. 1995). Thus, under all of these circumstances, we conclude that defendant's constitutional right to speedy trial was not violated.

### II.

Defendant also contends that the trial court erred in reinstating his guilty plea. He argues that, because a division of this court concluded in *Fennell I* that his guilty plea resulted from an improper sentence concession, *res judicata* precludes the trial court from reinstating the plea. We find no error.

During the pendency of this appeal, our supreme court announced *People v. Antonio–Antimo,* 29 P.3d 298 (Colo. 2000). As a result, we directed the parties to file supplemental briefs addressing whether the trial court's ruling was correct under *Antonio–Antimo* and, if so, whether this court's prior opinion should be withdrawn and reconsidered.

Having considered the supplemental briefs of the parties, we conclude that the trial court's ruling must be affirmed.

### A.

■ The prosecution initially argues that defendant is merely seeking enforcement of this court's mandate in *Fennell I* and that the proper procedure is to file an original proceeding with the supreme court under C.A.R. 21. Because defendant failed to do this, it argues that this appeal should be dismissed.

However, the trial court did allow defendant to withdraw his guilty plea in accordance with the directions issued by this court in *Fennell I.* It is the subsequent reinstatement of the guilty plea that defendant now appeals, and thus, we consider the merits of defendant's contention.

### B.

In *Antonio–Antimo,* defendant was charged with certain offenses involving a

schedule II controlled substance. A plea agreement was reached in which defendant agreed to plead guilty only to sale of a controlled substance and the prosecution and defendant agreed that "the sentence concession is no jail time and being held for deportation." The court accepted the plea and ordered that defendant be granted probation for a period of five years and that a condition of the probation was that defendant cooperate with deportation authorities. As part of the sentence, however, the court ordered that defendant "leave the country."

██ Thereafter, defendant asked to withdraw his plea on the basis that the order to leave the country constituted an illegal sentence. Our supreme court held that when the plea agreement itself is lawful, the proper remedy, if possible, is to modify an illegal sentence and permit the enforceable plea agreement to stand. The agreement must be set aside only if the parties bargain for an illegal sentence. *See Chae v. People,* 780 P.2d 481 (Colo.1989). The court then concluded that the agreement itself was legal and that the trial court was correct in vacating the order that in effect illegally imposed deportation upon defendant.

██ Here, in describing the plea agreement, the *Fennell I* court quoted the prosecution's commitment as expressed to the trial court:

> There's a small short jail sentence still pending with the federal authorities, but we are stipulating that I will make a recommendation to the federal authorities to allow the time to run concurrent with any time imposed in this case.

In our view, the prosecution's promise to recommend that concession does not render the agreement illegal.

Relying upon Crim.P. 32(d), the *Fennell I* court further concluded that the court was required to allow defendant either to affirm or withdraw his plea when it appeared that the court lacked authority to require that both the federal and state sentences be served at the same time.

As we read *Antonio–Antimo,* however, because the agreement itself was legal, vacating any illegal aspect of the sentence is a sufficient remedy. Here, as noted, defendant has already been discharged on his federal sentence and thus has received the benefit of the bargain. Under these circumstances, we conclude that no additional relief is appropriate and that the court was correct in reinstating his guilty plea.

## C.

██ Nevertheless, defendant argues that the doctrine of *res judicata* precludes us from changing the remedy ordered by the division in *Fennell I.* This doctrine holds that if an issue is necessarily determined by a court of competent jurisdiction, that issue is conclusively settled and cannot afterwards be relitigated by the same party. This doctrine applies in both civil and criminal proceedings. *Trujillo v. People,* 178 Colo. 136, 496 P.2d 1026 (1972).

██ However, if, as here, an appeal is still pending when a new opinion of our supreme court is announced, in our view the doctrine of *res judicata* does not apply if the law in effect has changed or been clarified by reason of that opinion from the state's highest court. *See Spradling v. City of Tulsa,* 198 F.3d 1219 (10th Cir.2000). Indeed, cases are routinely remanded to this court by our supreme court for reconsideration in light of the recent opinions announced by that court. *See People v. Calderon,* 992 P.2d 1201 (Colo. App.1999)(fn.\*); *People v. Espinoza;* 985 P.2d 68 (Colo.App.1999)(fn.\* \*).

Accordingly, we conclude that the trial court was correct in reinstating defendant's plea of guilty because the plea bargain at issue itself was legal, only one provision of the sentence was illegal, and because that illegality has been rectified. Thus, defendant has received the benefit of his bargain. *See Montoya v. People,* 864 P.2d 1093 (Colo. 1994).

Order affirmed.

CASEBOLT and VOGT, JJ., concur.