**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**AUG 13 2001**

**PATRICK FISHER**
**Clerk**

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

---

GLORIA J. GAGNON,

      Plaintiff-Appellant,

v.

RESOURCE TECHNOLOGY, INC.,
a domestic corporation,

      Defendant-Appellee.

No.  00-2410
(D.C. No. CIV-99-653 DJS/WWD)
(D. N.M.)

---

## ORDER AND JUDGMENT   *

---

Before **SEYMOUR** and **McKAY** , Circuit Judges, and   **BRORBY** , Senior Circuit
Judge.

---

After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist the determination of

this appeal.   See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).  The case is

therefore ordered submitted without oral argument.

---

\*      This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel.  The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Plaintiff Gloria J. Gagnon sued her former employer, defendant Resource Technology, Inc., under the Fair Labor Standards Act (FLSA), 29 U.S.C. §§ 201-219, and New Mexico state law. She claimed defendant failed to pay her overtime wages, fired her in retaliation for seeking to enforce her rights under the FLSA, and breached its employment contract by terminating her employment. Defendant responded that plaintiff was not entitled to overtime wages because she was an exempt employee. It further stated that plaintiff was an at-will employee and her employment was terminated for poor work performance and attitude. After a bench trial, the district court[1] dismissed plaintiff's claims and entered judgment in favor of defendant. Plaintiff appeals, pursuing here only her overtime-wages and breach-of-contract claims. We exercise jurisdiction under 28 U.S.C. § 1291 and affirm, but for different reasons than those relied on by the district court regarding the FLSA claim. Sipma v. Mass. Cas. Ins. Co., No. 00-1289, 2001 WL 811651, at *1 (10th Cir. July 17, 2001).

Background

Plaintiff was the office manager and bookkeeper for defendant's consulting and engineering firm from 1991 to 1999. She supervised the bank accounts, accounts receivable and payable, employee time slips and employment

---

[1] The parties consented to proceed before a magistrate judge, pursuant to 28 U.S.C. § 636(c).

verification forms, payroll records, tax records, purchase orders, and health and other insurance policies. She also attended and actively participated in senior staff meetings, attended interviews with prospective job applicants and made recommendations on both hiring and firing, kept and revised the company employment manual, signed letters of job offers, signed notices to employees and former employees regarding health insurance benefits, and dealt with vendors. She set up and managed a $5,000 emergency spending account. In addition, she performed some tasks also performed by the secretary/receptionist, such as answering telephones, as did other employees. Her starting salary was $22,000 per year. Her ending salary was $38,000 per year.

Defendant had a written employee manual that provided for progressive discipline and set forth the company's sick leave policy. The manual also provided that an employee could be fired "[w]ith or without cause." Appellant's App. at 118, 154. The district court found that defendant had considered discharging plaintiff for more than one year before the actual discharge and that plaintiff was aware of this. Id. at 18.

## Overtime Wages Claims

Generally, the FLSA requires employers to pay their employees at least one and one-half times their regular wages for the number of hours worked that exceed forty in any week. 29 U.S.C. § 207(a)(1). An exception is made for

employees "employed in a bona fide executive, administrative, or professional capacity." Id. § 213(a)(1). The Secretary of Labor has issued regulations defining and delimiting these statutes, the authority for which was delegated by Congress. Id. Therefore, the regulations have "the force and effect of law." Batterton v. Francis, 432 U.S. 416, 425 n.9 (1977).

We review the district court's findings of fact for clear error. Icicle Seafoods, Inc. v. Worthington, 475 U.S. 709, 714 (1986). The question of how plaintiff spent her time at work is a question of fact. Id. The determination of whether plaintiff's work activities brought her within an exception to the FLSA's overtime pay requirements is a question of law, which we review de novo. Id. "Exemptions to the FLSA are to be narrowly construed; the employer must show the employee[] fit[s] 'plainly and unmistakenly within [the exemption's] terms.'" Reich v. Wyoming, 993 F.2d 739, 741 (10th Cir. 1993) (quoting Arnold v. Ben Kanowsky, Inc., 361 U.S. 388, 392 (1960)).

On plaintiff's claims for overtime wages, the district court held that she was a bona fide *executive* employee, and therefore was not entitled to overtime pay. 29 C.F.R. § 541.1. The qualifications for an exempt executive employee include "the customary and regular direction of the work of two or more other employees." Id. § 541.1(f). Here, there was no evidence that plaintiff directed

-4-

the work of more than one other employee. Therefore, we must reverse the district court's conclusion that plaintiff was an exempt executive employee.

We affirm the denial of overtime wages, however, based on the facts found by the district court, as well as the undisputed facts, which establish that plaintiff was employed in a bona fide *administrative* capacity. Id. § 541.2. We apply the "short test" because we hold that plaintiff meets both the salary test and the duties test. See Hays v. City of Pauls Valley, 74 F.3d 1002, 1008 (10th Cir. 1996); 29 C.F.R. § 541.214.

Plaintiff disputes that she meets the salary test, which requires defendant to demonstrate (1) that plaintiff's compensation was not less than $250 per week, id. § 541.214(a), and (2) that she "regularly receive[d] each pay period on a weekly or less frequent basis, a predetermined amount constituting all or part of [her] compensation, *which amount is not subject to reduction because of variations in the quality or quantity of the work performed* ." Id. §§ 541.118(a); 541.212 (emphasis added). Deductions for absences of a day or more for personal reasons or sickness may be made without affecting an employee's salaried status. Id. § 541.118(a)(2) & (3).

Plaintiff concedes that the amount of her compensation exceeded the $250 weekly minimum. She maintains, however, that her salary was subject to reduction for absences of less than a day due to illness, thus disqualifying her

under the salary test. Plaintiff relies on defendant's sick leave policy, which provides for an employee's pay to be reduced for sick leave if several conditions are met.

The instances of pay reduction must amount to an actual practice of making such deductions. Spradling v. Tulsa, 198 F.3d 1219, 1224 (10th Cir. 2000) (citing Auer v. Robbins, 519 U.S. 452, 461 (1997)). Here, "no clear inference can be drawn as to the likelihood" that a reduction in pay for less than one day of sick leave would have been applied to employees such as plaintiff. Auer, 519 U.S. at 462. Plaintiff does not allege that any deductions were made, or that defendant had a policy or practice of deductions, nor does the record suggest any reason to infer such a policy. "Accordingly, [d]efendant did not maintain an actual practice of making such deductions," and the sick leave policy does not defeat the salary test. Spradling, 198 F.3d at 1224.

We now turn to the duties test to determine whether plaintiff was employed in a bona fide administrative capacity. The administrative exemption short test is met if plaintiff's primary duty consisted of office or nonmanual work related to management policies or general business operations for defendant and included work requiring the exercise of discretion and independent judgment. 29 C.F.R. §§ 541.2(a); 541.214; accord Hays, 74 F.3d at 1008.

Plaintiff's work was undeniably nonmanual office work, but she asserts her primary duty was bookkeeping, work specifically excluded from the administrative exemption. 29 C.F.R. § 541.205(c)(1) ("[I]t is clear that bookkeepers . . . hold the run-of-the-mine positions in any ordinary business and are not performing work directly related to management policies or general business operations."). The district court found that "[a] significant portion of Plaintiff's job duties were bookkeeping functions," and noted that "Plaintiff estimated that the majority of her time was occupied by her bookkeeping duties." Appellant's App. at 17, 18.

Generally, "primary duty" means the major part, or over fifty percent, of the employee's time. Dep't of Labor v. City of Sapulpa, 30 F.3d 1285, 1287 (10th Cir. 1994); 29 C.F.R. §§ 541.103; 541.206(b). "Time alone, however, is not the sole test," and if an employee does not spend fifty percent of her time in administrative functions, other factors should be considered. Id. § 541.103. Administrative duties include "advising the management, planning, negotiating, representing the company, purchasing, promoting sales, and business research and control," even where the employee acts "as an administrative assistant to an executive in the production department of the business." Id. § 541.205(b). The administrative exemption is limited to those who perform work of substantial importance to the employer's business, id. § 541.205(a), and includes those

whose work "affects policy or whose responsibility is to execute or carry it out." Id. § 541.205(c).

The summary of plaintiff's responsibilities given above demonstrates that plaintiff's primary duty was to administer and carry out the office work necessary to run defendant's business. Plaintiff alone was charged with those responsibilities, demonstrating that her duties were of primary importance to defendant. Cf. Lott v. Howard Wilson Chrysler-Plymouth, Inc., 203 F.3d 326, 331 (5th Cir. 2000) (exempt administrative office manager's primary duty was "office work directly related to the general business operations"). Plaintiff also participated in policy decisions and was often charged with executing them. Consequently, we hold that plaintiff's primary duty consisted of office or nonmanual work related to management policies or general business operations for defendant.

The final inquiry in the short test for the administrative exemption is whether plaintiff's job included work requiring the exercise of discretion and independent judgment. "In general, the exercise of discretion and independent judgment involves the comparison and the evaluation of possible courses of conduct and acting or making a decision after the various possibilities have been considered." 29 C.F.R. § 541.207(a). "The decisions made as a result of the

exercise of discretion and independent judgment may consist of recommendations for action rather than the actual taking of action."     Id. § 541.207(e)(1).

Plaintiff claims she merely collected information and presented it to the company president and the senior staff, who made the decisions. She attended the senior staff meetings at which most decisions were made, usually by consensus. The district court found credible and persuasive the testimony of defendant's witnesses that "Plaintiff actively participated in the Senior Staff meetings and had a say in how the company was run." Appellant's App. at 17. As noted above, plaintiff also participated in and made recommendations in the areas of insurance policies, hiring and firing, and banking. She clearly exercised the requisite discretion and independent judgment to qualify as an exempt administr ative employee. Because we determine that plaintiff was employed in a bona fide administrative capacity, we affirm the district court's dismissal of her FLSA overtime wages claim, as well as her similar claim brought under the New Mexico Minimum Wage Act,     see N.M. Stat. Ann. § 50-4-21(C)(2) (exempting employee in bona fide administrative capacity).

<u>State Law Breach of Employment Contract Claim</u>

Plaintiff alleges defendant breached its employment contract with her because it failed to follow the progressive discipline outlined in the employee manual. In this claim based on New Mexico state law, we must reach the same conclusion the state's highest court would reach. Cf. <u>Blanke v. Alexander</u>, 152 F.3d 1224, 1228 (10th Cir. 1998) (diversity action).

The employee manual stated that any employee could be discharged "[w]ith or without cause." Appellant's App. at 118, 154. Plaintiff argues that the joint proposed findings of fact and conclusions of law, adopted by the district court, precludes application of that provision to her. That document notes that the employee manual provided for "progressive discipline and for-cause termination following successful completion of the probationary period," <u>id.</u> at 11, but does not prohibit application of the provision for discharge with or without cause. The district court held that defendant had cause to discharge plaintiff and that the manual permitted it to discharge her without cause.

Under New Mexico law, employment is generally at-will, absent an express agreement specifying the employment terms. <u>Lopez v. Kline</u>, 953 P.2d 304, 306 (N.M. Ct. App. 1997) (collecting cases). Plaintiff does not claim that the employee manual affected her status as an at-will employee. "An at-will employer-employee relationship is subject to termination at any time, with

or without cause."   Id.  Plaintiff's legal authorities are inapposite.  We hold

that the district court properly dismissed plaintiff's state law

breach-of-employment-contract claim.

AFFIRMED.

Entered for the Court


Wade Brorby
Senior Circuit Judge